## W. H. JACKSON *v.* ALABAMA GREAT SOUTHERN RAILROAD COMPANY.

1. APPEAL. *From order of removal to Federal court. Character of judgment.*
   An order of a Circuit Court of this State granting an application by one of the parties for the removal of a case to a Circuit Court of the United States, under sect. 639 of the Revised Statutes of the United States, and declaring that the State court will proceed no further in the case, is not a *final* judgment from which an appeal can be taken to this court.

2. JURISDICTION. *Federal and State courts. Removal of case.*
   Where an application for the removal of a case from a State Circuit Court to a United States Circuit Court has been granted by the former, it is then the province of the latter to determine whether such removal is proper under the statutes of the United States. If the Federal court should take jurisdiction of such case, it must be conducted in that court and be there determined, unaffected by any steps that may be taken in any of the State courts; but if the Federal court should refuse to take cognizance of the case, it must, after such refusal, be proceeded with in the State court as a pending case.

3. SAME. *State and Federal courts. Removal of case.*
   A State court to which an application for the removal of a case pending therein is made, must decide, in the first instance, whether it will proceed no further in the case, and should not pause in it except when satisfied that the application comes within the act of Congress on the subject; but the ultimate decision of the question of removal rests with the United States courts.

APPEAL from the Circuit Court of Lauderdale County.

Hon. J. S. HAMM, Judge.

W. H. Jackson sued the Alabama Great Southern Railroad Company in the Circuit Court of Lauderdale County for several thousand dollars. The defendant pleaded to the action, but before the trial of the case presented a petition for its removal to the United States Circuit Court for the Southern District of Mississippi. The plaintiff filed many objections in the State court to the application for removal; but that court made an order reciting "that said petition be granted, and that this court will proceed no further herein." Thereupon the plaintiff appealed to this court.

*W. H. Hardy,* for the appellant.

The Supreme Court of Wisconsin, in *Akerly* v. *Vilas* (24 Wis. 165; 1 Am. Rep. 166), the Supreme Court of Indiana,

in the case of *Burson* v. *National Park Bank* (40 Ind. 173 ; 13 Am. Rep. 285), and the Supreme Court of Louisiana, in the case of *The State* v. *Judge of the Thirteenth Judicial District* (23 La. An. 29 ; 8 Am. Rep. 583), all hold that an order of a State court transferring a cause to the Federal courts, under the act of March 2, 1867, is an appealable order, and that the State courts have jurisdiction to hear and determine the appeal.

In *Burch* v. *Davenport and St. Paul Railroad Company*, 46 Iowa, 449, the court say : "It does not, therefore, follow that the mere filing of a petition and affidavit *ipso facto* removed the cause, without regard to the character of the suit, or the form or allegations of the application for removal. In such case, the petition for removal presents a question of law for the determination of the State court." 26 Am. Rep. 152.

In addition to the above authorities, we cite the court to the Digest of American Reports (from 1 to 24 inclusive, beginning with page 688, and extending to and including page 694) of cases determined in the various State courts of last resort all over the Union, showing that these applications to remove causes from the State to the Federal courts are constantly being contested in the State courts. We also refer the court to the vast number of cases in 4 Abbott's United States Digest (first series), beginning on page 212.

In *Germania Insurance Company* v. *Francis*, 52 Miss. 466, 467, this court held that "an order for removal of a case not embraced by the act of Congress is void, and has no legal effect in contemplation of law," and that it is competent for the State court (Supreme) to pass upon the question of its validity.

Does the application in this case show that the case is embraced in the act of Congress? and does it show that the defendant has complied with the requirements of the act pleaded in his application? We answer both these questions in the negative.

*J. W. Fewell*, for the appellee.

It is first insisted and urged, that this court should not con-

sider this appeal or take jurisdiction of the case for the reason, that the judgment of the court below was not final in its nature. By the order of removal the Federal court has acquired jurisdiction of the case, and if the Federal court shall determine that the jurisdiction is vested in the Federal court, the appellee can go on with the case, or compel the appellant to do so, in the Federal court. If the Supreme Court assumes jurisdiction of the case, there is danger of a conflict of jurisdiction ; for, should the order of removal be reversed, the Circuit Court will then deem itself possessed of jurisdiction, and go on with the case there.

The Federal courts having the controlling power touching the question of jurisdiction, would it not be more consistent with reason for this court to decline jurisdiction, at least at this stage of the case? If the Federal court should decline jurisdiction, the Circuit Court of Lauderdale County will then be reinvested with jurisdiction, and can then go on and try the case. *Germania Ins. Co.* v. *Francis*, 52 Miss. 466.

My position is that the Circuit Court could only consider the questions : whether the petition was in proper form, and by its allegations brought the case within the act of Congress, and whether the bond was in proper form and the surety sufficient. These questions being decided affirmatively, the duty of the court is to grant the order. Indeed, the cause is removed without any order.

The State court cannot enter upon an inquiry as to the truth of the allegations of fact in the petition. Those questions must be raised in, and decided by, the Federal court. See *Insurance Co.* v. *Dunn*, 19 Wall. 214 ; *Shaft* v. *Insurance Co.*, 67 N. Y. 544 ; *Stevens* v. *Insurance Co.*, 41 N. Y. 149 ; *Taylor* v. *Shaw*, 54 N. Y. 77 ; *Kanouse* v. *Martin*, 15 How. 198 ; 16 Pet. 97.

CAMPBELL, J., delivered the opinion of the court.

The Circuit Court of Lauderdale County, having approved the bond of the petitioner, offered as " surety for his entering

in '' the Circuit Court of the United States for the Southern District of Mississippi the copies required by sect. 639 of the Revised Statutes of the United States, determined to proceed no further in the cause, and from this an appeal was taken to this court.

The question arises, whether an appeal could be taken in the case stated. That depends on whether the determination to proceed no further in the cause is a final judgment, and that depends on whether the Circuit Court of the United States will take cognizance of the cause as properly removed to it from the Circuit Court of Lauderdale County. If the Circuit Court of the United States shall refuse to take cognizance of it, as having been improperly removed, it will be a pending cause in the Circuit Court of Lauderdale County, and be proceeded with as if no effort to remove it had been made. In such case there is a mere pause by the State court, caused by the belief of the judge that the act of Congress for the removal of the case has been complied with, to ascertain if the court of the United States has jurisdiction of the case. If it has, it will proceed with the case; if not, it will decline to do so, and remit the cause to the State court, where it will be proceeded with as if this interruption had not occurred. *Germania Ins. Co.* v. *Francis*, 52 Miss. 457.

The State court must decide in the first instance upon the application to remove a case, so as to determine whether it will proceed no further in it, and should not pause in it except when satisfied that the application to remove brings it within the act of Congress on the subject; but the ultimate decision of that question rests with the courts of the United States, whose law is in such matter to be interpreted and enforced.

We must indulge the presumption that the court of the United States will properly decide the question of jurisdiction of the cause, which question directly involves the rightfulness of the removal of the cause from the State court. If it shall take cognizance of the cause, no view which we might take of the impropriety of its action would affect it; and if it shall

decline to take cognizance of the cause, it will thereby revive from its dormancy in the court of the State, and be proceeded with as having been pending there all the time.

The right to remove causes from the courts of the State is given by statutes of the United States. The construction of these statutes is the province of the courts of the United States, which, when authoritatively made, should be accepted by the courts of the States, as the construction by the courts of the State of its statutes are to be accepted as authoritative by the courts of the United States.

It would present an embarrassing state of case if this court should decide that the Circuit Court of Lauderdale County improperly refused to proceed further in this cause, and should reverse its action and remand the cause, for it to proceed regardless of the petition and " surety " offered and approved for the removal of the cause, and the Circuit Court of Lauderdale County should proceed in the cause, and the Circuit Court of the United States should take cognizance of the cause and try it, and its action in doing so should be maintained by the Supreme Court of the United States.

It is certain that the cause cannot be lawfully proceeded in in both courts. It is rightfully in one or the other. It is for the court of the United States to decide whether the Circuit Court of Lauderdale County did right to proceed no further. That decision will be made by its action in assuming jurisdiction of the cause as rightly removed, or in refusing to do so, whereby the obstacle to further proceeding in the Circuit Court of Lauderdale County will be removed, and that court will proceed in it.

We conclude that the determination of the Circuit Court of Lauderdale County not to proceed further in the cause is not a *final* judgment from which an appeal could be taken to this court. It is a mere pause, on grounds held sufficient by the Circuit Court, but which may at any time be determined by a tribunal over which neither the Circuit Court of Lauderdale County nor this court has any control, in which event it will

be the duty of said Circuit Court to proceed in the cause to final judgment. It is a suspension of the proceeding, which may be final or only temporary, as the Federal question involved may be disposed of by the Federal judiciary, whose province it is to decide and act on it.

We dismiss the appeal.

