# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

BAUMGARDNER v. BONO FERTILIZER CO. et al., (two cases.)

(Circuit Court, W. D. Virginia. October 20, 1893.)

1. SERVICE OF PROCESS—PUBLICATION—ATTACHMENT.

Service upon a nonresident by publication prior to attachment of his property is a nullity, and is not made good by a subsequent attachment.

2. REMOVAL OF CAUSES—WAIVER OF RIGHT—SPECIAL APPEARANCE IN STATE COURT.

Where a nonresident defendant, appearing specially for the purpose, procures the setting aside of a judgment against him for want of service, moves to dismiss the case, and takes a bill of exceptions to the court's denial thereof, this does not constitute a general appearance, or a waiver of his right to remove the cause to a federal court.

At Law. These are two actions on the case, brought by J. H. Baumgardner against the Bono Fertilizer Company and others in the circuit court of Wythe county, Va., and thence removed by defendant. Heard on motion to remand. Denied.

Statement by PAUL, District Judge:

These cases were removed into this court from the circuit court of Wythe county, Va., by an order of that court entered at its February term, 1893. The actions were brought on the 18th day of April, 1891, and the declarations filed at first July rules, 1891. On the 18th day of April, 1891, what purported to be an order of publication was made in one of the cases, which was the only process or notice issued against the defendants, or any of them, all of whom were nonresidents of the state of Virginia. At the September term, 1891, of the circuit court of Wythe county, there being no appearance on the part of the defendants, or any of them, juries were impaneled, verdicts rendered, and judgments entered for $5,000 in each case. At the September term, 1892, of the circuit court of Wythe county the defendants filed a petition therein, praying that these cases be reopened, and the judgments expunged from the record, on the following grounds: "First. Because more than one month had elapsed after the return day of the process executed without the declaration being filed, when it was the duty of the clerk to enter the suits dismissed, ipso facto, and therefore the cases were improperly on the docket at the September term, 1892. The declarations were not filed until the first July rules, 1891, when by the order of publication they ought to have been filed within four weeks from the 18th of April, 1891. Second. Because your petitioners being nonresidents of the commonwealth of Virginia, and not being served with process in the state, or in Wythe county,

or anywhere, the so-called 'judgments' against them were nullities, and are void." Thereupon the court entered an order setting aside the judgments entered at the September term, 1891, but refused to dismiss the suits, holding that there had been a valid execution of the orders of publication in the cases; that the declarations had been properly filed therein, and that, after the institution of the suits, and since the rendition of the judgments therein, the plaintiff had filed proper affidavits, and sued out attachments, in each of the suits; that said attachments had been duly executed on one R. W. Price, in Wythe county, a debtor of the defendants, and that said Price had that day appeared and answered the attachments, acknowledging himself indebted to one of the defendants, to wit, the Bono Fertilizer Company, in the sum of $167, with interest thereon from May 1, 1891. It further appears from the papers in these cases that after the rendition of the judgments at the September term, 1891, of the circuit court of Wythe county, what purported to be attachments were issued and levied on certain real estate in the city of Bristol as the property of J. Marshall Smith, one of the defendants. The order of the court also gave leave to the petitioners to plead to both of said actions if they desired to do so, and the order then proceeds as follows: "And thereupon, this day, again came the defendants, by their attorney, and moved the court to dismiss the said actions on the ground that the petitioners, and each of them, are nonresidents of the commonwealth of Virginia, and that no service of process had been had on either of said petitioners in the commonwealth of Virginia or in Wythe county; said counsel in open court stating that he only appeared for the purpose of raising the question of jurisdiction. On consideration whereof the court overruled said motion to dismiss, to which action of the court the petitioners excepted, and tendered their bill of exceptions." And the cases were continued until the February term, 1893, of the court. whereupon the circuit court of Wythe county, Va., ordered the removal of the cases into this court.

Walker & Caldwell and Blair & Blair, for plaintiff.
W. S. Poage, for defendants.

PAUL, District Judge, (after stating the facts.) The plaintiff contends that these cases were improperly removed into this court, because—

First. The petition for removal was not filed "before the defendants were required by the laws of the state of Virginia, or the rule of the state court, to answer or plead to the declaration, or complaint, of the plaintiff," as required by section 1 of the act of congress of March 3, 1887, as corrected by the act of August 13, 1888. An examination of the record shows that there was no time, from the institution of these actions to the time when the application for removal into this court was made, at which the defendants were required to plead to the plaintiff's declaration. There had never been any proper process served on the defendants, or any of them. It is not claimed that there had ever been any personal service of process on them, or any of them. It is admitted that all the defendants were and are nonresidents of the state of Virginia. The circuit court of Wythe county could acquire jurisdiction of these cases only by personal service of process on the defendants, or some of them, or by attaching some property found within the jurisdiction of the court belonging to the defendants, or some of them, and following this up by an order of publication giving notice of the institution of the action and the attachment of the property of the defendants, or some of them. It appears that in this case no attachment issued until after the rendition of the judgments at the Sep-

tember term, 1891, of the court, and that no order of publication was made after such attachment was issued, and that there was no personal service of process on the defendants, or any of them. Code Va. 1887, § 2959, provides that:

"If at the time of, or after the institution of, any action at law for the recovery of * * * damages for a wrong, the plaintiff, his agent, or attorney shall make affidavit stating that the plaintiff's claim is believed to be just * * * a certain sum which (at the least) the affiant believes the plaintiff is entitled to or ought to recover, and stating also * * * to the best of affiant's belief * * * that the defendants, or one of the defendants, is not a resident of this state, and has estate or debts owing to said defendant within the county or corporation where the action is * * * the clerk of the court where the action is shall issue an attachment as the case may require."

As to an attachment so issued, section 2979 of the Code of Virginia of 1887 provides that when it is "returned executed, if the defendant has not been served with a copy of the attachment, or with process in the suit wherein the attachment issued, an order of publication shall be made against him," which order of publication section 3231 of the Code of Virginia of 1887 provides shall require the defendants "to appear within 15 days after due publication thereof, and do what is necessary to protect their interest." It is very clear that no order of publication requiring the defendants to appear within 15 days after publication thereof, and do what is necessary to protect their interests, can be made until after an attachment has been issued and levied and return made thereon. If the clerk issue an order of publication without these requirements of the law having been complied with, as was done in these cases, such an order of publication is a mere nullity. "When an order of publication is substituted for personal service, the substituted service of process by publication against nonresidents is effectual only where, in connection with process against the person for commencing the action, property in the state is brought under the control of the court." Pennoyer v. Neff, 95 U. S. 714.

The second ground urged by the plaintiff for remanding these cases to the state court is that the appearance of the defendants by counsel at the September term, 1892, of the circuit court of Wythe county, said counsel moving the court to vacate the judgments entered at the September term, 1891, of the court, then moving the court to dismiss the cases because process had not been served on the defendants, and taking a bill of exceptions to the order of the court overruling the latter motion, was such an appearance as to amount to a waiver of notice, notwithstanding the statement of the defendants' counsel in open court that he appeared only for the purpose of objecting to the jurisdiction of the court. It is clearly settled by the authorities that the special appearance of a defendant for the purpose of objecting to the jurisdiction of the court on the ground of the illegality of the service of the process, or for any other reason, is not a waiver of the defendant's right to have his case removed into the federal court. In these cases counsel for the defendants expressly stated in open court that he appeared only for the purpose of objecting to the jurisdiction of the court for want

of proper service of process. At no time did the defendants submit themselves to the jurisdiction of the court on the merits of the cases.

It is claimed that the taking of a bill of exceptions by the defendants to the order of the court overruling the motion of the defendants to dismiss these cases was a waiver of objection to the jurisdiction of the court. As laid down by Mr. Foster, (Fed. Pr. § 101,) the doctrine of the law is that:

"After a special appearance for the purpose of objecting to the jurisdiction has been made, and the objection overruled, the right to insist upon this objection on an appeal is not lost by a subsequent appearance and defense to the suit on the merits."

In Harkness v. Hyde, 98 U. S. 476, the supreme court of the United States held that—'

"Illegality in the service of process by which jurisdiction is to be obtained is not waived by the special appearance of the defendant to move that the service be set aside; nor, after such motion is denied, by his answering to the merits. Such illegality is considered as waived only when he, without having insisted upon it, pleads in the first instance to the merits."

See, also, Farmer v. Association, 50 Fed. Rep. 829.

These cases were properly removed into this court, and the motion to remand them must be overruled.