BAILEY v. MOSHER et al.

(Circuit Court, D. Nebraska. June 13, 1899.)

REMOVAL OF CAUSES—AMENDMENT BY PLAINTIFF AFTER REMAND—RIGHT TO RENEW APPLICATION.

In an action in a state court against officers of a national bank, the parties being citizens of the same state, defendants filed a petition and bond for removal, on the ground that the action was based on the laws of the United States. The application was denied, and, on the filing of the record in the federal court, that court sustained a motion to remand, on the ground that plaintiff's petition did not count upon the statute, but upon the common law. Subsequently plaintiff amended his pleading by adding allegations showing that he in fact relied on a violation by defendants of their duty as officers of the bank. Defendants answered, challenging the jurisdiction of the state court on the ground that the cause had been removed. On the making of a second amendment by plaintiff, and within the time allowed for pleading thereto, defendants filed a second petition for removal. *Held*, that the right of removal was not lost by the lapse of time since the first application, nor was it waived by failing to file a renewed application on the making of the first amendment, since the first petition which remained on file in the case became effective as soon as it appeared of record that the cause was removable.

On Motion to Remand.

Biggs & Thomas and L. C. Burr, for plaintiff.
J. W. Deweese and Charles O. Whedon, for defendants.

SHIRAS, District Judge. This action was originally brought in the district court of Seward county, Neb., and on the 29th of March, 1895, the defendants filed a petition for a removal of the case into this court on the ground that the cause of action was based upon or grew out of the laws of the United States, in that the defendants were proceeded against as officers and directors of the Capital National Bank for derelictions in their duty in that capacity. The state court refused to grant an order of removal, and thereupon the defendants procured a transcript of the case, and filed the same in this court, wherein a motion to remand was made by plaintiff; and, upon consideration, was by this court sustained. Bailey v. Mosher, 74 Fed. 15.

The principal ground for this ruling was that the plaintiff's petition counted on the common-law liability of the defendants, and not upon a violation of any duty imposed by the national banking act. On May 3, 1897, the plaintiff filed an amended petition in the state court, in which it is set forth that the defendants were the officers and directors of the Capital National Bank; that, as such directors and officers of said bank, it became and was the duty of the defendants, and each of them, under the law as well as the by-laws of the bank, to actively and actually manage and superintend the business thereof; and the petition then sets forth the particulars in which it is claimed that the defendants violated their duty, and thereby caused injury to the plaintiff. To this amended petition the defendants filed answers, wherein, among other matters, they averred that the state court was without jurisdiction, in that the case had been removed into the federal court. On the 6th day of March, 1899, the plaintiff obtained leave to amend the amended petition by interlineation thereon, the defend-

ants being ruled to plead thereto within 30 days thereafter. On March 15th the plaintiff, by interlineation, amended his petition by averring that the defendants, on, prior, and subsequent to the 9th day of December, 1892, acted as the directors and officers of the Capital National Bank, and as such directors and officers had the full control and management of said bank; that, acting as such directors and officers, it became and was the duty of the defendants, under the law as well as the by-laws of the said bank, to actively manage and superintend the business of the same; and then follow the allegations of negligence and misfeasance, upon which the right of recovery is based. Within the time fixed by the order of court for pleading to the amended petition, the defendants filed a second petition for a removal of the case to the federal court, on the ground that it now appeared upon the record that plaintiff's cause of action was based upon the national banking act; thus showing that the case was removable, even though the parties were citizens of the same state, because the case was one arising under the laws of the United States. The transcript having been duly filed in this court, the plaintiff now moves for an order remanding the case to the state court, and thus arises the question whether this court can rightfully take jurisdiction under the circumstances above stated.

When the case was first before the court, the defendants then strenuously urged that, in fact, the case was one based upon an alleged violation of the duties imposed upon the defendant by the national banking act; but the court held that, as the petition was then worded, it appeared to be based upon the common law, and not upon an alleged violation of a duty imposed by the national banking act, and therefore the case must be remanded to the state court, as the parties plaintiff and defendant were citizens of the same state. By the amendments subsequently filed to his petition in the state court, it was made clearly to appear that in fact the plaintiff did base his action upon the provisions of the banking act, and, as soon as the plaintiff's pleadings made this fact manifest, it was then made to appear that the case was one removable to this court, as it involved a sum in excess of $2,000, and arose under the laws of the United States. The case did not become removable until the plaintiff, by his amendment of the petition, had based his right of action on the act of congress; and it is now settled by the ruling of the supreme court in Powers v. Railway Co., 169 U. S. 92, 18 Sup. Ct. 264, that the right of removal in cases of this character is not lost because of the lapse of time since the filing of the original petition, but may be availed of whenever the plaintiff, by amending his petition, creates the right of removal by changing his action from one based upon the common law to one based upon, or arising under, the provisions of some act of congress. The record shows that when the plaintiff filed his first amended petition, which for the first time disclosed the fact that plaintiff purposed to rely upon alleged violations of the duties imposed by the banking act upon the defendants as officers and directors of a national bank, the defendants in their answer called the attention of the state court to the fact that its jurisdiction had been terminated by operation of the petition for removal, setting forth the facts with respect thereto, and,

upon the filing of the second amendment, the defendants again petitioned for a removal of the case. The order remanding the case at the former term was not based upon any defects in the petition for removal, but solely upon the ground that the plaintiff's petition did not count upon the banking act. The petition for removal was not dismissed or in any way eliminated from the record in the state court, but remained part thereof, and, when the case became a removable one by the amendments filed by plaintiff to his petition, the defendants could rely on the petition for removal as the basis of their right to remove the case, so long as they did not, by action on their own part, waive such right, or estop themselves from relying on the same. The record shows that, when the first amended petition was filed by plaintiff, the defendants pleaded that the case had been removed into the federal court by operation of the petition for removal, then on file, and when the second amendment was filed by plaintiff the defendants renewed their application by filing a second petition, and thus clearly showed that they did not yield to the jurisdiction of the state court, nor waive their right to a removal of the case into the federal court. It is urged on behalf of plaintiff that, when the first amended petition was filed, the right of removal, if it exists at all, was then made to appear on the face of the record, and that the defendants have lost the right to remove the case, because they did not then file a second petition for removal. As already stated, the original petition for removal formed part of the record in the state court (Powers v. Railway Co., 169 U. S. 92–101, 18 Sup. Ct. 264), and it had never been dismissed or held to be insufficient in form, and therefore the defendants could rely thereon, as the basis of their claim, that the case was removable, and, by the averments found in the answers filed to the amended petition, the defendants called the attention of the state court to the fact that the record, as it then stood, showed that the case was a removable one, and that its jurisdiction had terminated.

The facts appearing on the face of the record justify the conclusion that the plaintiff framed the original petition in such form as to prevent a removal of the case into the federal court on the ground that it was not made to appear that his action was based upon a law of the United States, but, after the case had been remanded for that reason, he amended his petition, and by the amendment clearly showed that in fact he based his right of action upon the duties imposed by the national banking act upon the officers and directors of national banks; thus showing that, in truth, the case was one removable into the federal court. Having, by his own conduct, caused the delay in the enforcement of the right of removal, it is not open to him to now complain of the fact that this court has delayed action in taking jurisdiction over the case; for, as is said by the supreme court in Powers v. Railway Co., 169 U. S. 92–100, 18 Sup. Ct. 267:

"The reasonable construction of the act of congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his control, is to hold that the incidental provisions as to the time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right."

95 F.—15

Under this ruling of the supreme court, it would have been open to the defendants to have filed a petition for removal for the first time when the plaintiff, by amending his petition, made it to appear that the case was one arising under the laws of the United States, and certainly the right of the defendants was not lost because the petition for removal had been filed at an earlier day. It became operative just as soon as the record was amended in the state court so as to show that the case was a removable one, and there is nothing in the record which would justify the court in holding that the defendants had waived the right to remove the case. The motion to remand is therefore overruled.