### ROBERTS v. CHICAGO, B. & Q. R. CO.

#### (Circuit Court, E. D., Missouri, N. D.   March 5, 1909.)

#### No. 489.

REMOVAL OF CAUSES (§ 12*)—RIGHT OF REMOVAL—RESTRICTIONS AS TO DISTRICT OF SUIT.

> Where an action in a state court against a foreign corporation, commenced in a federal district other than that in which plaintiff resided, was removed on change of venue into such district, the defendant had the right at the first term thereafter to remove the same into the federal court, when the amount involved was such as to give that court jurisdiction.

> [Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 12.*]

On Motion to Remand to State Court.

Hart, Tunnell, Bresnehen & West and J. T. Baker, for plaintiff.

Guthrie & Franklin, N. O. Borders, and Geo. A. Mahan, for defendant.

DYER, District Judge. This is a motion to remand to the state court. The conceded facts in the case are these: The plaintiff, Millie Roberts, is and for a long period of years has been a citizen and resident of Linn county, Mo., within the Northern division of this district. The defendant is a foreign corporation organized under the laws of the state of Iowa. The plaintiff instituted this suit in the county of Sullivan, in the Western district of Missouri, in which neither the plaintiff nor the defendant resided. At the term of the circuit court of Sullivan county to which the defendant was required to appear, it did appear and filed an application for a change of venue to some circuit other than the one in which Sullivan county is located. Neither the plaintiff nor the defendant residing in the Western district, no application was made or could be properly made to remove the cause to the federal court. The venue, by order of the judge of the circuit court of Sullivan county, was changed to the county of Macon,

within the Northern division of this district. On the first day of the term of the circuit court of Macon county, held at La Plata, Mo., the defendant appeared and filed its application for removal to the federal court, and the removal was ordered. The plaintiff now comes and moves to remand this cause to the circuit court of Macon county, and the grounds set forth in the motion to remand are as follows:

"(1) Because the case was originally brought in Sullivan county, in the Western district. (2) Because it was brought to the October term, and was triable at said term, and the defendant appeared by filing application for change of venue, and did not file its petition for removal until the 23d day of November. (3) Because the said petition was not filed before the defendant was required to plead. (4) Because the defendant, by filing its application for change of venue, submits itself to the jurisdiction of the state courts."

The defendant could not, from the facts stated, have sustained an application for the removal of the cause to the United States Circuit Court for the Western District of Missouri from Sullivan county, for the reason that neither it nor the plaintiff was a resident of that district. The first opportunity that would make an application to remove available was embraced by the defendant when the case was reached in the circuit court of Macon county, Mo. Whether the suit was originally brought in Sullivan county for the purpose of avoiding federal jurisdiction is not necessary to consider now. Certain it is that the defendant had a right to remove from a state court to the federal court this particular action, provided the plaintiff was a resident of the district. The plaintiff is a resident of the Northern division of this district, and the defendant is a citizen of another state. If this case had been originally brought in either Linn or Macon counties, there could be no question as to the right of the nonresident defendant to remove to the federal court. The circuit court of Macon county having by proper process obtained jurisdiction of the case, it was then for the first time that defendant could properly ask for a removal. The law gives a citizen of another state the right to remove a case from the state to the federal court, when the plaintiff is a citizen of the state and a resident of the district in which the suit is brought. This right of removal cannot be abridged or denied.

The motion to remand is denied.