### ROBINSON v. PARKER-WASHINGTON CO.

(Circuit Court, W. D. Missouri, W. D. June 1, 1909.)

REMOVAL OF CAUSES (§ 79*) — TIME FOR TAKING PROCEEDINGS — EFFECT OF AMENDMENT OF PLAINTIFF'S PETITION.

Where the original pleadings and record in a cause in a state court do not disclose a fact which entitled the defendant to remove the same, he may file a petition for removal after an amended pleading filed by plaintiff for the first time discloses such fact.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 135, 136, 139–160; Dec. Dig. § 79.*]

On Motion to Remand to State Court.

Walter Burch, for plaintiff.

Harry B. Walker and Ball & Ryland, for defendant.

PHILIPS, District Judge. The plaintiff has filed a motion to remand this case to the state court, from which it was removed to this jurisdiction by the defendant. The ground of the motion is that the petition for removal was not made on or before the day on which the defendant was required to plead under the statute of the state.

The facts, as disclosed by the record, are as follows: The original petition alleged that the defendant was a corporation of the state of Missouri. At the return term in October, 1908, after service on the alleged corporation, it appeared and by its answer put in contestation every allegation of the petition, except that Kansas City (which is not a defendant) is a municipal corporation. It is conceded that the denial put in issue the allegation of the petition that the defendant was a Missouri corporation. At the next January term of the state circuit court, the plaintiff, by leave of court, amended his petition by alleging that the defendant is a corporation of the state of West Virginia. Thereupon, before the expiration of the time for pleading to the

amended petition, the defendant presented petition for removal of the cause, based upon the ground of diversity of citizenship; the plaintiff being a citizen of the state of Missouri and the defendant a citizen of the state of West Virginia. The petition for removal recited the facts aforesaid respecting the allegations of the citizenship of the defendant.

As I read and understand the decisions of the courts of controlling authority on this question, so long as the pleadings in the case do not disclose on their face, and so long as the record does not disclose, the fact which would entitle the defendant to move for a removal of the case, he is not precluded from making such application after the fact is disclosed, by the amended petition of the plaintiff, that the right of removal does exist in favor of the defendant. The leading case touching this question is Powers v. Chesapeake & Ohio Railway Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, in which the court laid down the following proposition:

"The reasonable construction of the act of Congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his control, is to hold that the incidental provision as to the time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right, and to consider the statute as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it is brought."

Judge Shiras, in Bailey v. Mosher et al. (C. C.) 95 Fed. 223, gave a very considerate and accurate interpretation of the statute, which has been repeatedly cited as authority by the Court of Appeals of this circuit, in which he asserted that it is—

"open to the defendants to have filed a petition for removal for the first time when the plaintiff, by amending his petition, made it appear that the case was one arising under the laws of the United States, and certainly the right of the defendants was not lost because the petition for removal had been filed at an earlier day."

In this case the learned judge animadverted upon the conduct or act of the plaintiff in so framing his original petition as not to disclose upon its face the fact or facts which would have entitled the defendant to a removal. So here the original petition alleged that the defendant was a corporation of the state of Missouri. The plaintiff did not disclose the fact that the defendant was not a corporation of the state of Missouri, but was of the state of West Virginia, until the next term of court when the petition for removal was filed.

A corporation is a legal entity created by the laws of the state from which it derives its being. I take it that had the defendant defaulted, and the plaintiff had taken a judgment against the defendant as a corporation of the state of Missouri, his judgment would not have been binding on the defendant corporation of the state of West Virginia.

Counsel for the plaintiff was evidently put upon his guard by the answer to the original petition in the nature of a general denial, and thereafter he amended the petition by bringing into the litigation for

the first time the West Virginia corporation, disclosing on the face of the petition the right of the defendant as a nonresident citizen to remove the case into this jurisdiction.

The motion to remand is denied.