## SEARS, ROEBUCK & CO. v. VAN DOLAH.

(Division A. March 11, 1940. Suggestion of Error Overruled April 8, 1940.)

[194 So. 475. No. 34046.]

60

Leathers, Wallace & Greaves, of Gulfport, for appellant.

**White & Morse,** of Gulfport, for appellee.

Argued orally by **R. A. Wallace**, for appellant, and by **Stanford E. Morse**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

A trailer attached to a truck in which the appellee was traveling on a highway in the State of Texas collided with a trailer attached to a truck owned by Sears, Roebuck & Company and driven by one of its employees. Not quite, but almost, immediately thereafter the truck in which the appellee was riding turned over, fell on the appellee, and seriously injured him. The collision of the two trailers, according to the appellee, caused the truck to turn over. The appellee and Wedgeworth, the driver of the truck in which the appellee was traveling when injured, are citizens of Harrison County, Mississippi; and Sears, Roebuck & Company is a corporation organized under the laws of, and domiciled in, the State of New York and doing business in Mississippi. This action is by the appellee against Sears, Roebuck & Company and Wedgeworth, and his declaration alleges that the collision of the two trailers was caused by the negligence of both Wedgeworth and the driver of the Sears, Roebuck & Company truck. Wedgeworth filed no plea to the declaration and introduced no evidence at the trial, except that he was introduced as a witness for and by the ap-

pellee. The appellee introduced no evidence whatever tending to show negligence on the part of Wedgeworth in causing the collision of the two trailers, but, on the contrary, all of the evidence introduced by him negatived any such negligence. He does not claim, and nothing in the evidence indicates, that when he filed his declaration he had any intention or expectation of proving the contrary. When the appellee closed his case, Sears, Roebuck & Company filed a motion setting up this state of the evidence, alleging a fraudulent joinder of Wedgeworth as a defendant to the action for the purpose of preventing its removal to the Federal Court, and requesting that it be removed thereto. A proper bond therefor was filed by it. This motion was overruled and the trial proceeded.

While one of the appellant's counsel was arguing the case to the jury, he said: "Thank God, gentlemen of the jury, M. L. Wedgeworth was a citizen of this county, where he could join this defendant, and thank God we did not have to go to Texas to try this case before a laughing bunch of Texans; thank God we could bring this man back here, even though we brought him in pain and brace on his leg, thank God we could bring him here and try his case before a jury composed of citizens of this county, thank God we could try this case in this county before you men, before men who have known him, before men who have known of his work, affiliated with the United States as a valued employee of the Government, as a man who took part in social activities and charitable work of the Forty and Eight and American Legion; . . ."

The Court, at the request of the plaintiff instructed the jury as to the form of its verdict if it found against both defendants, or one of them only. Counsel for the plaintiff after reading the jury the instruction as to the form of the verdict if it found against Sears, Roebuck & Company only said:

" 'I will be frank to say to you, gentlemen of the jury, I don't know how you feel about it, but if I was on the jury I would adopt the last form against Sears, Roebuck & Company only, because the evidence shows that it was the negligence of this man coming on there at the rate of forty miles an hour that has caused this man here to be in the shape he is in now.' '. . . and you swore the other day that you would give him a large verdict if you were satisfied that he was entitled to it, and as I have said Ralph Van Dolah is in the condition he is on account of the negligence of Sears, Roebuck & Company.' "

" '. . . Mr. Greaves wanted to know why I joined Wedgeworth as a defendant in the case. Gentlemen of the jury, if I had not joined Wedgeworth as a defendant I would have had to try this case somewhere else except in this court room before his friends and before the people with whom he lived; I joined Wedgeworth as a defendant, yes, I joined him as a defendant, and this man's case is being tried in this county and in this court house instead of some other place; he has done the same thing, and every attorney who has practiced has done the same thing, joined a resident defendant with a non-resident defendant; . . .

" '. . . I joined Wedgeworth as a defendant and had to state a cause of action against Wedgeworth to try this case before you men, and if I had not I could not have tried it here, but I did and I am trying it here, trying it here before men who know this man. . . .

" '. . . As I said in the outset, there are three forms of verdict that you may return here, and when you write out your verdict don't write it on the ones here; and if I was on the jury I would return the last form.

" '. . . They asked me why I joined Wedgeworth, why I stated a cause of action against Wedgeworth. I stated a cause of action against him so I could try the case against them in Harrison County; it is a matter of law that need not be explained to you men, and a lot of

things you can't bring out on the witness stand, you can't bring them out without reversible error.

" '. . . As I stated, in determining your verdict, take into consideration in arriving at your verdict the different forms of verdict you can render as shown by this instruction; and as I said if I was on the jury I would use the last form of instruction.' "

The form of instruction referred to by counsel was the instruction as to the form of the verdict if it should be against Sears, Roebuck & Company only. Counsel for the defendant, Sears, Roebuck & Company, here objected to this argument and requested a mistrial, which request was overruled, whereupon counsel for the plaintiff continued: " '. . . Gentlemen of the jury, I am not telling you what to do. He is asking for another mistrial. I am not telling you what verdict to render; I say if you believe the evidence of these men; and if I was on the jury I would render such a verdict: "We, the jury, find for the plaintiff against the defendant Sears, Roebuck & Company only and assess his damages at $————." That will leave Wedgeworth out.

" 'Gentlemen of the jury, you take this case and please consider it.' "

Counsel for Sears, Roebuck & Company then, and before the jury retired from the bar for the consideration of its verdict, renewed his motion for the transfer of the case of the Federal District Court, which was overruled. The case was then submitted to the jury which returned a verdict against Sears, Roebuck & Company only for $25,000.

Section 72, Title 28 U. S. C. A., provides that a petition for the removal of a case from a State Court to a Federal District Court must be filed on or before the defendant is required by the laws of the State or rules of the State Court to plead to the declaration or complaint. This limitation on the time within which the petition may be filed is not jurisdictional. It may be waived

or the opposing party may be estopped, by his conduct, from objecting thereto. If he causes the record to disclose a non-removal case at the time the defendant should plead, answer, or demur, but afterwards to disclose one that is removable, a petition for its removal may then be filed. This has been frequently decided by the Supreme Court of the United States. ". . . in a removal proceeding the motive of a plaintiff in joining defendants is immaterial, provided there is in good faith a cause of action against those joined." Mecom v. Fitzsimmons Drilling Co., 284 U. S. 183, 52 S. Ct. 84, 87, 76 L. Ed. 233, 77 A. L. R. 904. "While the plaintiff, in good faith, may proceed in the state courts upon a cause of action which he alleges to be joint, it is equally true that the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." Wecker v. National Enameling & Stamping Co., 204 U. S. 176, 27 S. Ct. 184, 188, 51 L. Ed. 430, 9 Ann. Cas. 757. What was here said as to the Federal courts applies with equal force to the state courts.

When the plaintiff alleges a cause of action against both a resident and a non-resident defendant and makes no attempt at the trial to prove the alleged cause of action against the resident defendant and the evidence discloses that when he filed his declaration he did not intend to attempt to prove, and could not have proved, the alleged cause of action against the resident defendant, the court on the application of the non-resident defendant should decline to proceed further with the trial and should direct that the case be removed to the Federal court. 4 Hughes, Federal Procedure, Sec. 2337, cases cited in the second paragraph of note 370, sec. 71, title 28 U. S. C. A., p. 216, particularly Dudley v. Illinois Central Railroad Company, 127 Ky. 221, 96 S. W. 835, 13 L. R.

A. (N. S.) 1186, 128 Am. St. Rep. 335. To hold otherwise would put it in the power of a plaintiff to defeat a non-resident defendant's right to remove a case from a state court to a Federal court by merely joining with him a resident defendant against whom only a fictitious cause of action is alleged.

The record here discloses not only that the appellee had no cause of action against the resident defendant, but his counsel frankly so stated to the jury and said that his purpose in joining him as a defendant was that his case might be "tried in this county and in this courthouse instead of some other place . . . I stated a cause of action against him so I could try the case against them in Harrison County."

Reversed and remanded.