MONTGOMERY & ATLANTA MOTOR FREIGHT LINES, INC., *v.* MORRIS *et al.*

(In Banc. April 27, 1942. Suggestion of Error Overruled June 8, 1942.)

[7 So. (2d) 826. No. 34966.]

(In Banc.   June 8, 1942.)

[8 So. (2d) 502.   No. 34966.]

For former opinion see 7 So. (2d) 826.

**Ford & Ford**, of Pascagoula, for appellant.

Gex & Gex and **Evelyn Hunt Conner**, all of Bay St. Louis, for appellees.

Argued orally by **E. J. Ford**, for appellant, and by **Evelyn Hunt Conner**, for appellees.

**Anderson, J.**, delivered the opinion of the court.

In November, 1939, Mrs. O. M. Villere, Sr., was killed as the result of a collision between an automobile in which she was traveling, with a freight truck belonging to Montgomery & Atlanta Motor Freight Lines, Inc., appellant. An administrator of her estate was appointed, and brought this suit in Hancock County against the Freight Lines for her alleged wrongful death, and recovered judgment in the sum of $25,000, from which judgment the Freight Lines prosecuted this appeal. The collision and death took place in the State of Louisiana, therefore the rights of the parties are governed by the laws of that

state. Under the laws of Louisiana the sole right to receive the fruits of any recovery was in the husband of Mrs. Villere and her minor daughter, Ruth Villere. On plea in abatement by the Freight Lines they were substituted as plaintiffs; notwithstanding, the original style of the case was adhered to in making up the record for this court.

The Freight Lines is a Georgia corporation. Mrs. Frank Morris, a resident of Georgia, was appointed administratrix of her estate by the Chancery Court of Hancock County, and thereupon brought this suit. All the Villere family were resident citizens of Waveland, in Hancock County. Highway 90 runs between New Orleans and Mobile. Mrs. Villere and her son, O. L. Villere, were on their way to New Orleans in an automobile, the car being driven by her son. A truck and trailer of the Freight Lines was being driven by one Claxton, going east toward Mobile. The basis of the suit is the alleged negligence of the driver of the truck. Mrs. Villere was killed and her son received an injury, for which he sued and recovered a judgment for $2,800, which was appealed to this court, and reversed and remanded. M. & A. Motor Freight Lines, Inc., v. Villere, 190 Miss. 848, 1 So. (2d) 788. The Freight Lines made two applications to remove the cause to the Federal court upon the ground of citizenship. The first was granted, but the Federal court refused jurisdiction, and remanded the case to the state court. After further proceedings in the state court, as hereinafter set out, the second application was made, and denied by the state court. The plaintiffs contended, and the court so held, that the application to remove came too late, because it was after the Freight Lines had plead to the declaration. That is one of the principal errors assigned and argued. We have reached the conclusion, upon the following considerations, that the state court erred in not removing the case to the Federal court.

At the March term, 1940, the Freight Lines plead to the jurisdiction of the court, upon the ground that the

Freight Lines were engaged exclusively in interstate
commerce, and that the injury and death having taken
place in Louisiana, and a large number of the witnesses
being residents of that state, and of Alabama and Georgia,
for the state court to entertain jurisdiction would be an
undue burden on interstate commerce, in violation of
the commerce clause of the Federal Constitution, art. 1,
sec. 8, cl. 3.

On this plea evidence was introduced, sustaining its
allegations. The plea was overruled. After the disposal
of this plea Mrs. Morris, the administratrix, was granted
leave, upon her application, to amend the declaration,
which was done. The only change was the husband and
children of Mrs. Villere were made parties plaintiff, with
the administratrix.

Thereupon the Freight Lines filed the first petition and
bond to remove the case to the Federal court, which
petition was granted at the September term, 1940. In
March, 1941, the Federal court remanded the case to the
Circuit Court of Hancock County. After it had gone back,
and at the September term, 1941, upon a plea in abate-
ment by the Freight Lines, the cause was dismissed as
to the administratrix and O. L. Villere, Jr., and M. R.
Villere, leaving as plaintiffs the husband of Mrs. Villere
and their fifteen-year-old daughter. It is not questioned
here that under the laws of Louisiana they alone were en-
titled to any amount that might be recovered. After the
trial had reached this point, the Freight Lines made the
second application, and gave the required bond to remove
the case to the Federal court, which was overruled. There-
upon the trial proceeded, resulting in the judgment ap-
pealed from.

It will be observed that when this suit was originally
brought the only plaintiff, Mrs. Morris, administratrix,
was a resident citizen of the State of Georgia, and the
Freight Lines were a corporation of that state. There-
fore, there was no diversity of citizenship, and no right

of removal to the Federal court, if the administratrix had the right to sue.

Section 71 (Judicial Code, section 28 amended) U. S. C. A., title 28, provides, among other things, for the removal of causes from the state courts to the Federal courts, on the ground of diversity of citizenship. Section 72 of that statute provides, however, that the application to remove must be made, "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint."

The plaintiffs, in effect, concede that the Freight Lines had the right to remove the cause at this juncture, except for the fact that it had plead to the cause before making the application. In other words, that the application was barred because of the delay in making it. On the other hand, the Freight Lines contend that they were justified in the delay for the following reasons: When the suit was first brought the case of Mississippi Power Co. v. Archibald, 189 Miss. 332, 196 So. 760, had not been decided. The court held in that case that, although under section 510 of the Code of 1930 the suit could be brought either in the name of the personal representative or the beneficiaries, the fact that it is brought in the name of the personal representative will not prevent the removal of the case to the Federal court where there is diversity of citizenship between the beneficiaries and the defendant. In other words, that the fact alone that the citizenship of the personal representative and the defendant is the same will not prevent removal where there is diversity of citizenship between the beneficiaries and the defendant. The decision in that case was followed by the U. S. Circuit Court of Appeals of the 5th Circuit, in Thames v. State of Mississippi for Use and Benefit of Shoemaker, 117 F. (2d) 949, 136 A. L. R. 926. The Supreme Court of the United States refused to review that decision. 62 S. Ct. 63, 86 L. Ed. 506. Until these

decisions were rendered, the cause proceeded on the assumption that Mecom, Adm'r, v. Fitzsimmons Drilling Co., 284 U. S. 183, 52 S. Ct. 84, 76 L. Ed. 233, 77 A. L. R. 904, held that the administrator had the right to sue. That case, however, involved an Oklahoma statute expressly providing that the administrator could bring suits of this character. We are of opinion that this state of facts justified the defendant in its move to transfer the cause to the Federal court, notwithstanding they had theretofore plead to the declaration. The authorities are to the effect that a cause may be removed when for the first time facts appear in the record showing diversity of citizenship. Robinson v. Parker, C. C., 170 F. 850; Baumgardner v. Bono Fertilizer Co., C. C., 58 F. 1, 2; Powers v. Chesapeake & O. R. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673, 674; Roberts v. Chicago, B. & Q. R. Co., C. C., 168 F. 316; Kelly v. Virginia Bridge & Iron Co., D. C., 203 F. 566; Remington v. Central Pac. R. Co., 198 U. S. 95, 25 S. Ct. 577, 49 L. Ed. 959.

In this case such diversity was not shown until the administrator was eliminated as a party plaintiff. Although the delay in the dismissal as to the administrator may be chargeable to both the plaintiffs and the defendant, nevertheless, both sides, of course, acted in good faith. We think this was enough to justify the delay. Footnote 96, 28 U. S. C. A., sec. 72, in part is in this language:

"Substitution of new plaintiff.—Substitution of a new party plaintiff may extend the time within which the petition for removal may be filed, for such substitution may for the first time create a diversity of ctizenship."

And section 1057, Simkins Fed. Prac. (3 Ed.), is in this language: "When Right of Removal Arises after the Time Fixed by Statute. Sometimes the right of removal does not exist at the time when by the State law the answer is to be filed, but may arise in the subsequent proceedings in the State court, as where the amended

petition first discloses the right to remove, or when by change of parties, by dismissal or otherwise, the controversy for the first time becomes one wholly between citizens of different states; or when the original petition in the State court is for an amount not in excess of $3,000, but plaintiff by amendment greatly increases the claim so as to bring it within Federal jurisdiction; or where by amendment the cause of action is made to depend on a Federal question not appearing in the original petition; but the amendment must, in effect, state a new cause of action.

"If any of the events happen as above stated, a motion to remove to the Federal court, promptly made, should be sustained, and therefore a motion to remand when a motion is made under these conditions will not be sustained.

"In determining the promptness with which a motion to remove is made, time must be calculated from the filing of the amended petition."

Reversed and remanded, and the lower court directed to enter an order removing the cause to the Federal court.

## On Suggestion of Error.

**Anderson, J.,** delivered the opinion of the court on suggestion of error.

In the opinion handed down in this case the statement that no diversity of citizenship was shown until the administratrix was eliminated is not true. Diversity of citizenship was shown when the children of Mrs. Villere were made parties plaintiff with the administratrix. It was removable then, because under the law the administratrix had no right to sue, and there was diversity of citizenship between the Villere children and the motor company.

The United States District Court refused to entertain jurisdiction and remanded the case back to the state court

on the ground that the application for removal came too late—after the defendant had pleaded. Under the facts of this case he was clearly wrong about that. On a proper showing for the delay in making the application to remove before pleading, the application should be granted. Jifkins v. Sweetzer, 102 U. S. 177, 26 L. Ed. 129; Sears, Roebuck & Co. v. Van Dolah, 188 Miss. 59, 194 So. 475. In the Sears, Roebuck & Company case the court held that the limitation on the time within which the application to remove may be made is not jurisdictional and may be waived, or the opposing party may be estopped by his conduct from objecting to the removal. If at the time the defendant is due to plead the cause appears not to be removable, but afterwards a removable cause is disclosed, the application to remove may then be filed.

Section 71, Title 28, U. S. C. A., prescribes what causes are removable from the state courts to the Federal District Courts, and provides further as follows: ''Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed.'' That provision means nothing more than that there is no appeal to the Federal higher courts from the Federal District Courts remanding the case to the state courts. It does not mean that the question of jurisdiction is foreclosed. Metropolitan Casualty Ins. Co. v. Stevens, 312 U. S. 563, 61 S. Ct. 715, 85 L. Ed. 1044; Employers Reinsurance Corp. v. Bryant, 299 U. S. 374, 57 S. Ct. 273, 81 L. Ed. 289; Gordon v. Longest, 16 Pet. 97, 10 L. Ed. 900. Where the defendant's application to remove the cause to the Federal court is wrongfully denied by the state court, the right to remove it is not waived

by defending the action in the state court. Home Life Ins. Co. v. Dunn, 19 Wall. 214, 22 L. Ed. 68; National S. S. Co. v. Tugman, 106 U. S. 118, 1 S. Ct. 58, 27 L. Ed. 87; Kanouse v. Martin, 15 How. 198, 14 L. Ed. 660; Metropolitan Cas. Ins. Co. v. Stevens, 312 U. S. 563, 61 S. Ct. 715, 717, 85 L. Ed. 1044. In the Stevens case the court discussed the reasons and policy for the adoption of the provision of the Federal Judicial Code above copied, and then used this language:

"When a petition for removal to a federal court is denied by the state court, the petitioner may do one of three things. He may object to the ruling, save an exception, and litigate the cause in the state courts. Iowa Central Ry. Co. v. Bacon, supra [236 U. S. 305, 35 S. Ct. 357, 59 L. Ed. 591]; Stone v. South Carolina, 117 U. S. 430, 6 S. Ct. 799, 29 L. Ed. 962; Baltimore & Ohio R. Co. v. Koontz, 104 U. S. 5, 26 L. Ed. 643; Removal Cases, 100 U. S. 457, 25 L. Ed. 593; Gordon v. Longest, supra [16 Pet. 97, 10 L. Ed. 900]. He may remove the suit to the federal court despite the ruling of the state court. Baltimore & Ohio R. Co. v. Koontz, supra; Kern v. Huidekoper, 103 U. S. 485, 26 L. Ed. 354; Home Life Ins. Co. v. Dunn, supra. He may proceed in both courts at the same time. Kern v. Huidekoper, supra; Removal Cases, supra.

"If the petitioner litigates the cause in the state court and preserves an exception, he may have the order of the state court denying his petition for removal reviewed in the state appellate court. In proper cases he may come here asserting a denial of his right of removal. Iowa Central Ry. Co. v. Bacon, supra; Stone v. South Carolina, supra; Removal Cases, supra. If he removes the cause to the federal district court despite the state court ruling and the federal court assumes jurisdiction over the objection of his adversary, the latter, after final judgment, may contest this assumption of jurisdiction in the circuit court of appeals, and in this court in proper cases. Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 18

S. Ct. 264, 42 L. Ed. 673; Cates v. Allen, 149 U. S. 451, 13
S. Ct. 883 [977], 37 L. Ed. 804; Graves v. Corbin, 132 U. S.
571, 10 S. Ct. 196, 33 L. Ed. 462.''

In the Gordon case the state court refused to transfer
to the Federal court from the state court. The cause
went on through the highest court of the state to the U. S.
Supreme Court, the latter reversed the trial court and the
Supreme Court of the state, and provided that the man-
date should be sent back to the Supreme Court of the
state, directing it to send the cause back to the trial court
with directions to transfer it to the Federal court. In that
case if the Federal court had refused to take jurisdiction
the defendant would have had the right to appeal to the
highest Federal courts. And if the cause had been trans-
ferred to the Federal court and by that court remanded
to the state court, there would have been no appeal from
the decision of the Federal court so remanding; but if it
had been carried on through the state courts to the Su-
preme Court of the United States, and that court had held
that it was a removable cause, then the Federal District
Court would have no right to remand it again. That would
have settled that question, and if the Federal court had
again remanded it to the state court there would have
been a right of appeal to the higher Federal courts.
Where a federal question is involved the state courts
in passing on it are Federal courts in addition to being
state courts, and their decisions are reviewable by the
Supreme Court of the United States; and the state courts
are bound by its judgments. Take this case; if this court
reverses the judgment on the ground that the federal
court had no right to remand it to the state court, then
the Federal court would be barred from again remanding
it to the state court. However, it would still have the
power to dismiss the cause for want of jurisdiction, which
would be a final judgment appealable by the defendants
to the highest Federal courts. In other words, the lan-
guage of the Federal statute copied above was not in-

tended to, and does not, deprive the Federal courts of jurisdiction in any cause of which it rightfully had jurisdiction under the law. The contrary view would mean that Federal District Courts would have the right to finally determine the question as to what cases are removable from the state courts to the Federal courts. Putting it differently, it would have the power to remand all cases back to the state courts which had been transferred to it by the latter courts, regardless of whether they are removable or not, and thereby deprive the defendants of their rights to resort to the Federal courts.

When that is done the state courts must try it. From the judgment rendered there the aggrieved party may go on up through the highest court of the state, and to the Supreme Court of the United States, if necessary, to test the question of whether the cause was removable. If the result is a judgment that it was removable, a mandate goes down to the state trial court directing it again to remove the cause to the Federal court; and when that is done the Federal court must take jurisdiction. From the judgment there the party aggrieved may go on up to the highest Federal courts to vindicate his position.

Overruled.

## Specially Concurring Opinion.

**Griffith, J.**, delivered a specially concurring opinion on suggestion of error.

The contention made by appellees, and without qualification, is that when a case has been remanded by a Federal District Court to the state court, the latter must proceed therewith regardless of whether, under the law and the undisputed facts, the case was or was not removable, and the dissenting opinion herein seems to concur in that view. When any contention is sought to be maintained, and without qualification, the best test of the

soundness thereof is to consider the consequences to which it would lead, if upheld.

In Mississippi Power Co. v. Archibald, 189 Miss. 332, 196 So. 760, we held that under our wrongful death statute, Section 510, Code 1930, the appointment of an administrator, who is a nonresident of this state but a resident of the same state as the defendant, could not be used as a device by which to defeat the right of the defendant to remove to the Federal court, and we directed that the case be transferred to the proper Federal District Court.

Let us suppose that when in obedience to that mandate the case reached the Federal court, the Federal district judge had said, as he did say in Thames v. State, 5 Cir., 117 F.(2d) 949, 950, 136 A. L. R. 926, and in which he was supported by the dissenting opinion in the Thames case, that this court was in error, that our opinion in the Archibald case was in conflict with Federal decisions, and particularly those reviewed in Mecom v. Fitzsimmons Drilling Co., 284 U. S. 183, 52 S. Ct. 84, 76 L. Ed. 233, 77 A. L. R. 904, and he had thereupon remanded it to the state court. Under the contention now made by appellees the state court would then be obliged to proceed although the result would be that the decision of the highest court of the state upon the meaning and effect of a state statute had been overruled by a Federal district judge, an authority which the Supreme Court of United States itself disclaims as being within its province.

What then should the state court have done had the Archibald case been remanded by the Federal court? The State Supreme Court had said that state courts in the face of the federal right of removal would not be open to plaintiff litigants who had taken the course pursued by them in the Archibald case, which precisely was the course pursued in the present case. It would be the manifest duty of the state court to maintain the attitude taken by the highest court thereof, and to close doors to the case until the plaintiffs had taken a nonsuit and

brought their suit with the proper parties as plaintiffs and thereupon freed the situation from the attitude in which the plaintiffs had entangled it in their original efforts to defeat the removability. And if it be said that this would present something which may be termed unseemingly, the state courts could well and truly say that the responsibility therefor has not been with them.

## DISSENTING OPINION.

**Smith, C. J.**, delivered a dissenting opinion on suggestion of error.

I am of the opinion that this suggestion of error should be sustained. In the original declaration filed herein, Mrs. Frank Morris, administratrix of the estate of Mrs. O. M. Villere, deceased, appeared as the only party plaintiff. After a plea to the jurisdiction of the court had been overruled, the declaration was amended by adding the beneficiaries of the action under the Louisiana statute to the declaration as parties plaintiffs thereto. A petition for the removal of the case to the Federal District Court was then filed, alleging that the new parties plaintiffs are all citizens of the State of Mississippi, as to which fact there is no dispute. This petition was granted and an order entered removing the case to the Federal court, which court, on motion therefor, remanded the cause to the court below from which it had come. Another plea to the jurisdiction and also a demurrer to the declaration was then filed by the defendant thereto, both of which were withdrawn and a plea in abatement filed challenging the right of the administratrix to sue. This plea was sustained and the administratrix was eliminated as a party plaintiff by order of the court. The declaration otherwise remained as it theretofore was. Another petition for removal of the case to the Federal court was then filed, containing the same allegation as in the former one as to the citizenship of the parties. This petition the court

below overruled, and in my judgment committed no error in so doing.

Under the Federal Removal Statute, when a Federal District Court remands to the state court a case removed to it from that court, its order remanding the case is binding upon the state court, and it is without the right to again remove the case to the Federal court, and an order so doing will be erroneous unless "between the filing of the first petition for removal and the second, there had been any [a] change in the situation, presenting the right of removal upon a better ground than that which was overruled by the United States circuit [now district] court when it remanded the cause." McLaughlin Bros. v. Hallowell, 228 U. S. 278, 33 S. Ct. 465, 468, 57 L. Ed. 835. Jackson v. Alabama Great So. R. Co., 58 Miss. 648. When a case had been removed from a state court to a Federal court and by that court remanded to the state court, and the state court proceeds to judgment therein, an appeal will not lie therefrom to the Supreme Court of the United States to review the order of the Federal court remanding the case to the state court or the state court's order declining to again remove it to the Federal court for the reason that the "state court has rendered no decision against a federal right, but simply accepted the conclusion of the circuit [now district] court." Missouri Pac. R. Co. v. Fitzgerald, 160 U. S. 556, 16 S. Ct. 389, 396, 40 L. Ed. 536, cited with approval in McLaughlin Bros. v. Hallowell, supra. In Metropolitan Cas. Ins. Co. v. Stevens, 312 U. S. 563, 61 S. Ct. 715, 718, 85 L. Ed. 1044, the Supreme Court of the United States, in dealing with this question, said "the issue of removability is closed if the federal district court refuses to assume jurisdiction and remands the cause. Section 28 of the Judicial Code, supra, precludes review of the remand order directly (Kloeb v. Armour & Co., 311 U. S. 199, 61 S. Ct. 213, 85 L. Ed. 124; Employers Reinsurance Corp. v. Bryant, 299 U. S. 374, 57 S. Ct. 273, 81 L. Ed. 289;

City of Waco v. United States Fidelity & Guaranty Co., 293 U. S. 140, 55 S. Ct. 6, 79 L. Ed. 244; Ex parte Pennsylvania Company, 137 U. S. 451, 11 S. Ct. 141, 34 L. Ed. 738), or indirectly after final judgment in the highest court of the state in which decision could be had. McLaughlin Brothers v. Hallowell, 228 U. S. 278, 33 S. Ct. 465, 57 L. Ed. 835; Missouri Pacific Ry. Co. v. Fitzgerald, 160 U. S. 556, 16 S. Ct. 389, 40 L. Ed. 536; compare Pacific Live Stock Co. v. Lewis, 241 U. S. 440, 36 S. Ct. 637, 60 L. Ed. 1084.

"Here, petitioner attempted to remove the cause, as he had a right to do, even though the state court had denied his petition for removal. The federal court held it was not removable as a separable controversy and remanded it to the state court. For the reasons already stated, we are not at liberty to review the remand order. Consequently, we must assume, so far as this case is concerned, that the suit was not removable." See, also, the many cases bearing hereon cited in the Annotation to Moulding-Brownell Corp. v. Sullivan, 114 A. L. R., beginning at page 1476.

The diversity of citizenship here claimed as a ground for the removal of the case to the Federal court appeared when it was removed thereto and remanded therefrom, Mississippi Power Co. v. Archibald, 189 Miss. 332, 196 So. 760, and no change in that respect had been brought into the case when the second petition for removal to the Federal court was filed. The ground on which the Federal court remanded the case was not that no diversity of citizenship appeared but that the petition for removal had been filed too late, and the effect of the judgment herein now rendered is to review the Federal court's order of removal and hold that it was erroneously made. Whether or not the first petition for removal was filed too late was for the determination of the Federal Judge, and not of the court below or of this court, and moreover we do not know on what evidence, if any, the Federal court

held that this appellant had waived its right to remove the case when its petition therefor was filed. To hold as I have indicated not only complies with the mandate of 28 U. S. C. A., sec. 71, and the rulings of the Supreme Court of the United States thereon, but saves an unseemly dispute between the Federal and state court as to which of them should try this case.

What I have said herein has no bearing, of course, on an order of a state court overruling a petition for the removal of a cause to a Federal court where the cause had not prior thereto been so removed and remanded to the state court by the Federal court. I have left out of view and express no opinion on the effect, on the appellant's right to a second removal of the case to the Federal court, of the pleas and demurrer filed herein by the appellant in the court below after the case was remanded to it by the Federal court and before the second petition for removal to the Federal court was filed.

**Alexander, J.**, concurs in this dissent.