Mr. Justice McLEAN
delivered the opinion of the court.
This is a writ of error from the southern district of Mississippi.
The plaintiffs brought their action on four promissory notes, payable at different times, for. different sums,-and bearing different dates, ' except two, which were dated the 23d January, 1839. In each of the notes the defendánts promised, or either of them, to pay to Cowles Meade, or bearer, for the use of the Real Estate'Banking Company of Hinds county, at their banking house in Clinton, the sum named, without.defalcation, for value'received.
The defendants demurred to-thé declaration, and assigned the following causeé óf demurrer:
1. “ The plaintiffs cafinot maintain the action, because, í>y their own showing, the defendants who. are sued are also a part of the persons for whósé u?e,the suit is commenced.”
2. “ The court can have no jurisdiction of this case, because, although it is true, the nominal plaiñtifis are the bearers of the paper sued on, and citizens.of.a state other than Mississippi, yet, those for whose benefit shit is brought, for any thing which appears in the declaration, are citizens of the state of Mississippi.”
The notes in question passed by delivery, and the plaintiffs, as hearerSj have a-right to sue in their own names, as the promise to pay is made to bearer. The plaintiffs allegp that, they are citizens of New York, and, consequently, the Circuit Court had jurisdiction of the case. : Where the citizenship of the parties give jurisdiction, and the legal right to sue is, in the plaintiff, the court will not inquire into the residence of thóse who may have an equitable interest in the claim. They are not necessary parties on the record, A person having the legal .right may súe, at law, in the federal'courts, without reference to the citizenship of those who may have the ’equi- - table interest., Irvine v. Lowry, 14 Peters, 298. The judgment of the Circuit Court, which sustained the demurrer, is reversed; and the cause is remanded! for further proceedings;