44 U.S. 574
 3 How. 574
 11 L.Ed. 732
 AUGUSTUS AND EDWARD BONNAFEE, PARTNERS UNDER THE NAME
AND STYLE OF BONNAFFE & CO., PLAINTIFFS IN ERROR,
v.
IRA E. WILLIAMS, CHARLES S. SPANN AND B. H. COOK,
DEFENDANTS IN ERROR.
 January Term, 1845
 
 THIS case was brought up, by writ of error, from the Circuit Court of the United States for the southern district of Mississippi.
 The plaintiffs in error were citizens of the state of New York; the defendants in error, of Mississippi.
 The defendants in error executed four joint and several promissory notes, promising to pay to Cowles Mead or bearer, for the use of the Real Estate Banking Company of Hinds county, the sums of money therein mentioned.
 In 1841, the plaintiffs brought suit upon these notes, alleging themselves to be the lawful bearers thereof.
 The defendants demurred upon the two following grounds:
 '1. The plaintiffs cannot maintain the action, because, by their own showing, the defendants who are sued are also a part of the persons for whose use the suit is commenced.
 '2. The court can have no jurisdiction of this case, because, although it is true, the nominal plaintiffs are the bearers of the paper sued on, and citizens of a state other than Mississippi, yet the usees, or those for whose benefit the suit is brought, for anything which appears in the declaration, are citizens of the state of Mississippi; and there are all other causes,' &c.
 The Circuit Court sustained the demurrer, from which decision a writ of error brought the case to this court.
 The cause was argued for the plaintiffs in error, by Mr. Walker, as follows:
 The first cause of demurrer was as follows: 'The defendants who are sued are also a part of the persons for whose use the suit is brought.'
 Now, the suit is brought in the name of Bonnafee & Co. alone, and not for the use of any one, and therefore the demurrer cannot be sustained on this ground. The note was payable to 'Cowles Meade, or bearer, for the use of the Real Estate Banking Company of Hinds county,' and it was assigned by delivery, by Cowles Meade, to the plaintiffs, who, throughout every count of the declaration, are described as the lawful bearers of the note, and in whose name alone the suit is brought. It is true, the note was payable to Cowles Meade, for the use of the Real Estate Banking Company, and that Cowles Meade was one of that Company; but this could constitute no objection to the jurisdiction, because, before a court of common law, this company had no rights whatever. They were unincorporated, and, therefore, could not sue at law in the name assumed by them; and even if they could, no right of action would accrue to them, where the note, as in this case, was not payable to them, but to Cowles Meade, or bearer, in whom alone, or the bearer, the sole legal title was vested. The question, therefore, intended to be raised by the demurrer, does not apply to this case. The legal title is vested in any bearer, and the fact that the bearer derived title by delivery, from Cowles Meade, can have no injurious effect upon the title of the plaintiffs.
 But it is said that Cowles Meade, to whom, or bearer, the note is payable, appears to be one of the same unincorporated banking company for whose use the note is given. But if Cowles Meade delivered the note to the plaintiffs, and they, as is the fact, are not members of the same banking company, still the question does not arise, that one partner cannot sue another partner at law; for the plaintiffs and defendants were not partners, and the use for which the note was given does not affect the legal rights of the parties. The legal intendment is, and such is the fact, that the plaintiffs, with the consent of the banking company, were the purchasers of the note in question, and brought the suit for their own use alone. But were it otherwise, could not Cowles Meade maintain a suit at law on such a note as this of the defendants, even if Meade and the defendants were members of the same banking company? Now, the law is clearly settled that a partnership can sue upon a note given by one of the partners to another, even although it be for the use of the firm. Van Ness v. Forrest, 8 Cranch, 30.
 In that case, the person to whom the note was given was a mere trustee for the firm; yet the court maintained the action against one of the partners. The cases in which partners cannot sue each other, on account of transactions growing out of the partnership, or where the firm cannot sue a partner, are cases of unascertained balances, or where the partnership transaction has not been separated by a note or express promise. In such cases a court of law cannot sever the joint contract or liabilities, but this may be done by the parties themselves. Neale v. Tuston, 4 Bing., 149; Coffee v. Brian, 3 Id., 54; Gibson v. Moore, 3 N. H., 527; Nevins v. Townsend, 6 Conn., 5; Story Part., 241, 527, 320; Colly. Part., 392, 504, 91, 148, 152, 147, 165; Wright v. Hunter, 1 East, 30; Brierly v. Cripps, 7 Carr. & P., 709; Smith v. Barrow, 2 T. R., 476; Simpson v. Rochman, 7 Bing., 617; Venning v. Leckie, 13 East, 7; Gale v. Leckie, 2 Stark., 96.
 Where a note is payable to A, for the use of B, the legal title is in A, and he is the party to transfer it, to receive payment, and to sue upon it. 3 Kent Com., 89; 1 Selw. N. P., 292; Chit. Bills, 180, 226, 428, 566; Baily Bills, 76, 115; Chaplin v. Canada, 8 Conn., 286; Binney v. Phumpley, 5 Vt., 500.
 At law, the trustee has the whole title and interest. Bank of the United States v. Devaux, 5 Cranch, 91; Irving v. Lowry, 14 Pet., 300; Bauerman v. Rodenus, 7 T. R., 663; Wake v. Tinkler, 16 East, 36; Tucker v. Tucker, 4 Barn. & Ad., 745; Willis' Trustees, 72, and N. E., 73, 83, 86, 87; Lewin Trust., 267, 247, 481.
 The express purpose of the trust was, to give Meade the legal title, and enable him to sue at law.
 But even if Meade could not sue, the bearer could; and Meade could receive payment, or transfer by delivery. And having done so, he is presumed to have received full value from the plaintiffs. 1 Selw. N. P., 292, citing Carth., 5; 2 Vent., 307; Skin., 264.
 The banking company are not parties plaintiffs or defendants, on the record, nor is the suit brought for their use, nor have they in fact any interest in the case. And, in the language of the Supreme Court of the United States——
 'It may be laid down as a rule, we think, which admits of no exception, that in all cases where jurisdiction depends on the party, it is the party named on the record.' Governor of Georgia v. Madrays, 1 Pet., 122.
 'Jurisdiction is neither given nor ousted by the relative situation of the parties concerned in interest, but by the relative situation of the parties named on the record.' Osborn v. Bank United States, 9 Wheat., 738.
 A trustee may sue in the federal courts without reference to the domicil of his cestui que trust. Irvine v. Lowry, 14 Pet., 298; Bank United States v. Devaux, 4 Cranch, 308; Corporation of Washington v. Young, 10 Wheat., 4; Story, Constitution, 566; Sergeant, C. L., 113, 114; 1 Kent Com., 348, 349.
 These authorities are equally conclusive against the second cause assigned in the demurrer, that 'those for whose benefit the suit is brought' are citizens of Mississippi.
 No other cause of demurrer is assigned.
 It is clear that jurisdiction is not divested, on the ground that Meade was a citizen of Mississippi, because the note was payable to him 'or bearer,' and, therefore, not within the provisions of the 11th section of the Judiciary Act of 1789. Bullard v. Bell, 1 Mason, 251. And in Bank of Kentucky v. Wistar et al., 2 Pet., 326, the court say: 'The other point has relation to the form of the bills which are made payable to individuals or bearer, concerning which individuals there is no averment of citizenship, and which, therefore, may have been payable in the first instance to parties not competent to sue in the courts of the United States. But this is also a question which has been considered and disposed of in our previous decisions. This court has uniformly held that a note payable to bearer is payable to anybody, and not affected by the disabilities of the nominal payee.'
 Mr. Justice McLEAN delivered the opinion of the court.
 
 
 1
 This is a writ of error from the southern district of Mississippi.
 
 
 2
 The plaintiffs brought their action on four promissory notes, payable at different times, for different sums, and bearing different dates, except two, which were dated the 23d January, 1839. In each of the notes the defendants promised, or either of them, to pay to Cowles Meade, or bearer, for the use of the Real Estate Banking Company of Hinds county, at their banking house in Clinton, the sum named, without defalcation, for value received.
 
 
 3
 The defendants demurred to the declaration, and assigned the following causes of demurrer:
 
 
 4
 1. 'The plaintiffs cannot maintain the action, because, by their own showing, the defendants who are sued are also a part of the persons for whose use the suit is commenced.'
 
 
 5
 2. 'The court can have no jurisdiction of this case, because, although it is true, the nominal plaintiffs are the bearers of the paper sued on, and citizens of a state other than Mississippi, yet, those for whose benefit suit is brought, for any thing which appears in the declaration, are citizens of the state of Mississippi.'
 
 
 6
 The notes in question passed by delivery, and the plaintiffs, as bearers, have a right to sue in their own names, as the promise to pay is made to bearer. The plaintiffs allege that they are citizens of New York, and, consequently, the Circuit Court had jurisdiction of the case. Where the citizenship of the parties give jurisdiction, and the legal right to sue is in the plaintiff, the court will not inquire into the residence of those who may have an equitable interest in the claim. They are not necessary parties on the record. A person having the legal right may sue, at law, in the federal courts, without reference to the citizenship of those who may have the equitable interest. Irvine v. Lowry, 14 Pet., 298. The judgment of the Circuit Court, which sustained the demurrer, is reversed; and the cause is remanded for further proceedings.