## MISSISSIPPI POWER CO. *v.* ARCHIBALD.

(Division B. June 10, 1940. Suggestion of Error Overruled Sept. 4, 1940.)

[196 So. 760. No. 34183.]

Wilbourn, Miller & Wilbourn, of Meridian, and Eaton & Eaton, of Gulfport, for appellant.

Davis & Hathorn and Haskell Carter, all of Louisville, Joe Daws, of DeKalb, and Jas. A. Cunningham, of Booneville, for appellee.

Argued orally by **R. E. Wilbourn**, for appellant, and by **Jas. A. Cunningham** and **Hoy Hathorn**, for appellee.

**McGehee, J.,** delivered the opinion of the court.

The intestate, James V. Swearingen, received an electric shock while engaged in throwing a piece of baling wire over the 2,300 volt electric transmission lines of the distribution system belonging to the state of Mississippi, and constituting a part of the East Mississippi Insane

Hospital property at Meridian in Lauderdale county, Mississippi, and from which shock and injury he later died.

It may be assumed for the purposes of this decision, and as the testimony tends to show, that the deceased had a fixed place of residence in Kemper county, Mississippi, at the time of his death, although employed as an attendant at the said Insane Hospital, where he then resided with his wife and children while so employed.

The appellant, a non-resident corporation, chartered and domiciled in the state of Maine, was sued as the sole defendant, and charged with negligence in transmitting electric current through the high-powered lines over which the baling wire was thrown, where the wires, uninsulated, had been installed and located by the state several years prior thereto, in close proximity to a building on which the deceased was standing when he threw the baling wire which was to be tied to a radio aerial, so that the aerial might be pulled over the transmission line, and fastened to the upper story of the building.

James P. Archibald, administrator, appellee herein, is also a resident of the state of Maine. It appears that the widow of the said James V. Swearingen, deceased, waived her right to be the administratrix of his estate, and permitted the said Archibald to be appointed as administrator. Letters of administration, or an ancillary administration, was granted by the Chancery Court of Kemper county, Mississippi, on the 5th day of October, 1938, and on which date the said James P. Archibald, as such administrator, instituted this suit, returnable to the November term of the Circuit Court of said county. On the return day the appellant filed its petition and bond for the removal of the case to the district court of the United States for the eastern division of the southern district of Mississippi, sitting at Meridian; after notice of its intention to present the petition had been duly given. The petition alleged, among other things, that James V. Swearingen, deceased, left surviv-

ing him his widow, Mrs. Beatrice Swearingen, and his three minor children, Osborne, Lucille and Kennedy Swearingen, all of whom were at the commencement of this suit, and continuously thereafter have been, and now are, resident citizens of the state of Mississippi, and the only real parties in interest in the suit under and by virtue of section 510 of the Code of 1930, which provided, in substance, that all damages of every kind suffered by the deceased, and which may also accrue by reason of his wrongful death, inure exclusively to his widow and children, free of the debts and claims against his estate. A demurrer was sustained to the petition and the removal of the cause denied. The action of the trial court in that behalf is here assigned as error.

A peremptory instruction was also requested, on the ground that the State, and not the appellant, installed the wires complained of, and determined their location as to safety; and on the further ground that the proximity of the wires to the building referred to was not the proximate cause of the accident. The instruction having been refused, the cause was submitted to the jury on the evidence, and a verdict rendered in favor of appellee for the sum of $10,000. However, it is unnecessary that we consider any error alleged and assigned, other than the refusal to grant an order removing the cause to the United States District Court.

It may be conceded that the question of fraudulent joinder is not here involved in a legal sense, nor is any point made as to the motive of the real parties in interest in arranging to have a citizen of the state of Maine to qualify as administrator, and bring the suit against a resident defendant of that state to avoid a diversity of citizenship between the nominal plaintiff and the said sole defendant, although the purpose in taking such course is obvious.

The appellant, as we understand, concedes in its brief that the particular question of whether the residence of an administrator may ordinarily be determinative of

diversity of citizenship is settled in the affirmative by the decisions of the Supreme Court of the United States, but we construe such admission to mean that such is true only where the estate being administered by him has some interest in the recovery sought, for we find section 510 of the Code of Mississippi of 1930, cited, emphasized and relied upon by it in support of the petition for removal, on the ground that under said statute the administrator is a mere nominal, rather than a real party in interest.

Section 510, supra, provides that damages for the wrongful injury and death of a married man shall be equally distributed to his wife and children, if he leaves such surviving him. The suit to recover such damages may be brought in the name of the personal representative for the benefit of the persons entitled under the law to recover, or by the widow for her own benefit, and on behalf of the children. The personal representative is not a necessary party where any of the persons entitled to recover under the law survive the deceased. He is not entitled, in behalf of the estate, to any part of the recovery, if any, that may be had. It is exempt in favor of the widow and children from the payment of any debts owing by the estate. He cannot administer on it as an asset so as to be entitled to commissions thereon as part of his compensation as an administrator. In other words, it is their right of action, and the law permits them, in their discretion, to sue either in his name or in their own to recover the damages accruing to them, and to them alone. In the case at bar he is purely a formal party, with no more interest in the litigation, so far as the estate is concerned, than a next friend would have. No title to damages recoverable for the wrongful death of a person ever vests in an administrator under said section 510, supra, by virtue of his appointment, where the deceased leaves surviving him those entitled under the law to recover the damages sustained. Unless asked to lend his name as nominal plaintiff, the suit is of no concern to

him. Moreover, if his name is used, the estate is neither benefited by a recovery nor adversely affected by a failure to sustain the cause of action, sued on. The real actors in this suit, under the statute here under consideration, are the resident widow and children of James V. Swearingen, deceased, on one side, and the non-resident defendant on the other. In no just or reasonable view of the law governing the jurisdiction of the Federal Court in such cases can the personal representative be deemed the real party litigant in a suit brought under the statute here involved, where both the cause of action, and any recovery had thereon, is for the sole benefit of the widow and children. The statute specifically says that the recoverable damages ''shall go to'' the legal representative and be subject to debts only in the event there are none of the next of kin described in the statute entitled to recovery. Neither the damages to the decedent, nor to the widow and children in this case ''go to'' the personal representative of the estate in any event, and he is clearly not the person under the facts in this case ''entitled under the law to recover.''

We are therefore of the opinion that the cause was removable to the District Court of the United States, as prayed for. McNutt v. Bland, 2 How. 9, 11 L. Ed. 159; New York Evening Post v. Chaloner, 2 Cir., 265 F. 204, 214; Irvine v. Lowry, 14 Pet. 293, 300, 10 L. Ed. 462. The rule that ordinarily the residence of the administrator controls on the issue of diversity of citizenship on removal is based upon the fact that he has the legal title by virtue of his appointment. Hess v. Reynolds, 113 U. S. 73, 5 S. Ct. 377, 28 L. Ed. 927; Amory v. Amory, 95 U. S. 186, 24 L. Ed. 428; Baltimore & O. R. R. Co. v. Koontz, 104 U. S. 5, 26 L. Ed. 643; Bonnafee v. Williams, 3 How. 574, 11 L. Ed. 732. Compare Webb v. So. Ry., 5 Cir., 248 F. 618, certiorari denied, 247 U. S. 518, 38 S. Ct. 582, 62 L. Ed. 1245, and compare Bogue v. Chicago, etc., D. C., 193 F. 728. But no title to the cause of action, or right to the damages sustained, accrues to him under

section 510, Code of 1930, by virtue of his appointment. In bringing the suit he may be ignored entirely by those entitled to recover, for the reason that he has no beneficial interest in the claim or demand. On the other hand, those entitled to the recovery, if any, may in their discretion sue in his name as a nominal plaintiff, but they cannot, by electing to do so, deprive the Federal Court of the jurisdiction vested in it by virtue of the diversity of citizenship here existing between the real and only parties in interest.

Reversed and remanded.