**Bessie HORDGE, Administratrix,**

v.

**J. Norvelle YEATES and John L. King.**

**Civ. A. No. 2663.**

United States District Court
S. D. Mississippi,
Jackson Division.

Dec. 20, 1957.

J. A. White, Durant, Miss., Lester E. Wills, Meridian, Miss., for plaintiff.

Vardaman S. Dunn, Jackson, Miss., G. J. Thornton, Kosciusko, Miss., for defendants.

**BENJAMIN C. DAWKINS, Sr., District Judge.**

Complainant sued as the Administratrix of the Estate of Cephus Hordge, deceased, under Section 1453 [1] of the Mississippi Code of 1942 (Par. 2) as the personal representative of the beneficiaries, including herself (mother), Ernest Hordge (father) and Junior Hordge (brother), residents of the State of Missouri, and for Fannie Hordge (sister, a citizen of Michigan, demanding the sum of $50,000 in damages, allegedly caused by the negligence of defendants. It was alleged that the deceased was an employee of defendants, but that the latter had failed to comply with provisions of Sections 6998–01 to 59 of said Mississippi Code of 1942 (Workmen's Compensation Law),[2] and she " * * * hereby elects to maintain an action at law * * *." Alleged acts of negligence were set forth in detail.

The original complaint was filed on June 29, 1957, and on August 16, 1957, alleging that " * * * no responsive pleading" had been filed, plaintiff filed and amended or redrafted complaint, setting forth she was a "resident citizen of the State of Missouri" and had "qualified as Administratrix of the Estate of Cephus Hordge * * * under jurisdiction of the Chancery Court of Attala County * * *" and attached copy of the Letters of Administration, still claiming under Section 1453 of the Code, generally referred to as Lord Campbell's Act. The order or judgment of her appointment was dated June 25, 1957.

On August 29, 1957, defendants filed separate answers, first averring the complaint failed (First defense) to " * *

1. "Whenever the death of any person shall be caused by any real wrongful or negligent act or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, * * as would, had the death not ensued, have entitled the person injured * * * to maintain an action and recover damages in respect thereof, and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall, in no case affect the right of recovery. * * *

"This section shall apply to all personal injuries of servants and employees received in the service of business of the master or employer, where such injuries result in death, * * * *Damages recovered under the provisions of this section shall not be subject to the payment of the debts or liabilities of the deceased*, except as hereinafter provided, and such damages shall be distributed as follows:

" * * *; if the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death. If the deceased have neither husband, or wife, or children, or father, or mother, or sister, or brother, then the damages shall go to the legal representative, subject to debts and general distribution, and the fact that the deceased was instantly killed shall not affect the right of the legal representative to recover."

2. "The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, *except that if an employer fails to secure payment of compensation as required by this act, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this act, or to maintain an action at law for damages on account of such injury or death.* In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

state a claim * * * upon which relief can be granted", and (Second defense) "Defendant denies jurisdiction and diversity of citizenship." On September 12, 1957, plaintiff moved for a preliminary hearing "before trial of the first and second defenses", and this was followed on November 4, 1957 by a motion to dismiss the complaint " * * * on the ground that the Court is without jurisdiction * * * ", attaching thereto the affidavit of George Thornton, one of the attorneys for defendants, stating in substance that one "Dr. Willard Barnes * * * is a * * * citizen of Attala County, Mississippi"; that affiant had examined the record of the proceedings in the Estate of Cephus Hordge in the Chancery Court of Attala County (No. 11072) "together with the claim book in the office of the Chancery Court * * * " which showed that Dr. Barnes had "probated a claim for the sum of $50 for medical services * * * " to deceased "during his last illness * * * "; further that Mumfort Jones Memorial Hospital of Kosciusko, Mississippi, had also " * * * probated a claim for hospital services" for x-rays in the sum of $15; and finally that affiant was "informed and believes" that the University of Mississippi Hospital, of Jackson, Mississippi "had rendered services * * * " to deceased " * * * during his last illness * * * " to the amount of $149. These alleged claimants are all citizens of Mississippi.

The matter now to be considered is the motion to dismiss for lack of jurisdiction, under the contention by defendants, that these creditors are necessary and indispensable parties, and being citizens of the State of Mississippi, the same as defendants, if brought in, would deprive this Court of jurisdiction.

Defendants argue that plaintiff " * * * assumes to bring this suit for the use and benefit of the distributees of the Estate, the next of kin and the beneficiaries for whose use and benefit, an action is given to the personal representative of deceased, *reference being to the so-called Wrongful Death Statute Code of 1942, Sec. 1453, and to the Workman's Compensation Act (Code of 1942 Sections 6998–05).* This brings into question the identity of the beneficiaries under the Mississippi Workman's Compensation Act and the question of jurisdiction relates to the residence of such beneficiaries."

Defendants cite among others the cases of: Thames v. State of Mississippi, for Use and Benefit of Shoemaker, 5 Cir., 117 F.2d 949, 136 A.L.R. 926. See also Mississippi Power Co. v. Archibald, 189 Miss. 332, 196 So. 760, and Montgomery & Atlanta Motor Freight Lines v. Morris, 1942, 193 Miss. 211, 7 So.2d 826, 8 So.2d 502.

There is little similarity between Thames v. State of Mississippi, for Use and Benefit of Shoemaker and the present case. There the suit was by the State of Mississippi for the use and benefit of the Administrator, a citizen of Louisiana, as provided by the law of the State in suits of official bonds such as that of the Superintendent of the State Penitentiary, also made a defendant in that case. It alleged that the latter had wrongfully allowed an inmate of the penitentiary to become a trusty, who, while at large had murdered the deceased, Ray Grant. The Court of Appeals for this Circuit held that the action was upon contract, the official bond of the Superintendent, and was brought by the State because the law so provided for the benefit of Shoemaker, who had no more interest in the outcome than the State itself, and was not, as such, a party either actually or because of an interest in the Estate, while all of the beneficiaries, (relatives) were citizens of Mississippi, along with the Superintendent. Judge Sibley for the majority held, with Judge Holmes dissenting, that the real parties at interest, therefore, all relatives of deceased, were fellow citizens of the Superintendent, and hence the trial court had no jurisdiction. In so ruling, it was pointed out there, just as here, the law permits designated members of his (de-

ceased) family to recover damages, "which are not subject to payment of deceased's debts ＊ ＊ ＊."

In the case now before us, all of the persons for whom the suit is brought, including the plaintiff, Administratrix, are relatives and beneficiaries or distributees.

In Mississippi Power Co. v. Archibald, the deceased, and all beneficiaries entitled to participate in the recovery were citizens of Mississippi, while the defendant corporation was a citizen of the State of Maine. The Administrator was likewise a citizen of the latter state, for whose selection no explanation was offered, other than, as the State Supreme Court suspected and strongly intimated, was to prevent defendant, a citizen of the same state from removing the case to the Federal Court. The lower court had denied removal, and there was judgment for plaintiff in the sum of $10,000. The only issue considered on the appeal by the State Supreme Court was the right of defendant to removal, which was sustained on the ground that the individuals having the right of action could sue in their own names, or through an Administrator, but that the choice of the latter course did not change the fact that they were the real parties at interest and as such were entitled to receive the proceeds of any recovery. This case is also readily distinguishable.

As to Montgomery & Atlanta Motor Freight Lines v. Morris, it is not believed there is enough similarity to justify analysis or comparison with the present case.

Mandle v. Kelly, Miss., 90 So. 2d 645 was a workman's compensation proceeding. In the present case, plaintiff, as pointed out earlier, made a clear election to sue under the Death Statute, and the mere "reference" to the workman's compensation law, does not serve to convert the case to one based both upon tort and the latter act. If the cause of action had arisen under that law, in circumstance where defendants had provided security, that proceeding would have been exclusive. Having failed to so provide, plaintiff had the option to elect as she did.

No reason is seen why those who may have claims, growing out of the last illness of deceased, could not, with the authority of the Probate Court, proceed against defendants, in appropriate manner, for their payment.

The plea to the jurisdiction is overruled.

Proper decree should be presented.