Charles H. **BUSH,** Administrator of the Estate of Thomas Royce Bush, Deceased, et al., Plaintiffs-Appellants,

v.

**CARPENTER BROTHERS, INC.,**
Defendant-Appellee.

No. 30451.

United States Court of Appeals, Fifth Circuit.

Aug. 20, 1971.

Rehearing Denied Sept. 21, 1971.

---

Clyde Hurlberg, Biloxi, Miss., George D. Maxey, Laurel, Miss., Hurlbert & O'Barr, Biloxi, Miss., Maxey & Clark, Laurel, Miss., for plaintiffs-appellants.

Cary E. Bufkin, Jackson, Miss., Bruce C. Aultman, Hattiesburg, Miss., Satterfield, Shell, Williams & Buford, Jackson, Miss., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge and GEWIN and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This is a wrongful death action brought under the laws of the State of Mississippi. A judgment was entered on a verdict in the amount of $10,000 in favor of the plaintiffs. The plaintiffs appeal, contending that there was an absence of complete diversity of citizenship between the parties and, consequently, that the district court lacked jurisdiction. In the alternative, plaintiffs contend that the district court erred in failing to grant a new trial on the ground that it erred in a portion of its charge to the jury and that the verdict was so grossly inadequate as to evince bias, passion, and prejudice on the part

of the jury. The defendant cross-appeals, contending that the district court erred in failing to grant its motion for a directed verdict. We reverse and remand for a new trial.

The decedent, Thomas Royce Bush, was at the time of his death, employed by the Blount Brothers Corporation and engaged as a welder inside a Saturn 1–C Missile Test Stand at the eleventh level, which was being constructed for NASA in Hancock County, Mississippi. The defendant, Carpenter Brothers, Inc., was engaged in the installation of certain machinery on the same level which required that the grating floor of the platform deck be partially removed. This platform was under the joint occupancy of both Blount and Carpenter.

On the morning of the accident, two Carpenter employees, one F. O. Merrill, the dismissed defendant herein, and another unnamed employee, removed a section of grating from the deck of the platform in order to perform certain

work. As a safety precaution two ropes were tied across each of the two entrances to the platform. At 9:30 on the morning in question, decedent Bush left the area in which he was working in the test stand to go outside for his morning break. He stepped onto the platform and fell through the opening where the grating had been removed to his death 165 feet below.

On September 18, 1967, letters of administration were issued by the Chancery Court of Jones County, Mississippi, to Charles H. Bush, the decedent's brother, as administrator of the estate of Thomas Royce Bush, authorizing him to collect and administer a claim against Carpenter Brothers for the wrongful death of the decedent.[1] This suit was initially brought in the Jones County Chancery Court by writ of attachment for the wrongful death of the decedent under the Mississippi wrongful death act. Section 1453, Mississippi Code of 1942, Recompiled, as amended.[2] The

1. The letters of administration provided in pertinent part, as follows:

Whereas, Thomas Royce Bush, deceased * * * left as his only right and claim, a claim against Carpenter Brothers, Inc., * * * for personal injury and his wrongful death; and, desiring that said claim should be prosecuted to a conclusion or settlement, we do hereby grant unto Charles H. Bush full power by tenor of these presents, to administer said estate, with reference to said claim, and to do any and all things necessary by suit or otherwise to collect said claim and to administer in the court said claim, after collected, according to the orders of said court, and to make a report of said claim and his proceedings thereon to the court at the proper time to account for all moneys collected on said claim and make proper distribution under the authority of the court and to well and truly administer the said estate which consists of the said claim only, legally as required by law and *the said Charles H. Bush is hereby ordained Administrator of the said estate for the purposes of collecting and administering said claim only.* (Emphasis supplied.)

2. Section 1453, Mississippi Code of 1942, Recompiled, as amended, provides:

Whenever the death of any person shall be caused by any real wrongful or neg-

ligent act or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, * * * as would, had the death not ensued, have entitled the person injured * * * to maintain an action and recover damages in respect thereof, and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall, in no case affect the right of recovery. * * *

This section shall apply to all personal injuries of servants and employees received in the service of business of the master or employer, where such injuries result in death, * * * Damages recovered under the provisions of this section shall not be subject to the payment of the debts or liabilities of the deceased, except as hereinafter provided, and such damages shall be distributed as follows:

* * * ; if the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers and sisters, or

suit was brought by Charles H. Bush, as the administrator of the decedent's estate and individually, and by the decedent's other beneficiaries under the wrongful death act: Mrs. Murtie Belle Bush Eubanks, Mrs. Betty Bush Eubanks, Edmond A. Bush, Joseph C. Bush and Mrs. Kathryn Bush Amico, against Carpenter Brothers, Inc., a Texas corporation, and F. O. Merrill, a resident citizen of the State of Louisiana. The complaint alleged that Mrs. Amico was a resident citizen of Louisiana and that the other beneficiaries were all citizens of Mississippi.[3]

The defendants removed this case to federal district court. The plaintiffs filed a motion to remand on the ground that no complete diversity existed between the parties and Merrill filed a motion to dismiss the suit as to him for lack of personal jurisdiction under the Mississippi Long Arm Statute, Section 1437, Mississippi Code of 1942, Recompiled, as amended.[4] The district court denied the motion to remand, holding that the residence of the administrator controls for purposes of determining diversity jurisdiction, and granted Merrill's motion to dismiss, holding that "a one-time tort of an employee [acting in the scope of his employment] is not the kind of action to which Mississippi has extended the reach of its long-arm statute".

At the trial, the plaintiffs took the position that Carpenter Brothers had failed to comply with the safety requirements of its contract with the U. S. Army Corps of Engineers in that a rope barricade was used to guard the opening on the platform deck instead of a wooden barricade. Carpenter Brothers claimed that it had complied with the contract; that its rope barricade was in compliance with the safety provisions in question, and, further, that the use of the rope was known to and approved by the Corps of Engineers inspectors, before and after the fall.

■ It is well established that where the personal representative of the decedent is authorized by statute to bring

---

such of them as the deceased may have living at his or her death. If the deceased have neither husband, or wife, or children, or father, or mother, or sister, or brother, then the damages shall go to the legal representative, subject to debts and general distribution, and the fact that the deceased was instantly killed shall not affect the right of the legal representative to recover.

3. At the trial the administrator Charles H. Bush testified that "Betty Eubanks lives in Houston, Texas, and she sells real estate". There was no indication, however, whether Mrs. Eubanks was a resident of Texas when the suit was filed.

4. Section 1437, Mississippi Code of 1942, Recompiled, as amended, provides in pertinent part:

(a) Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this State as to doing business herein, who shall make a contract with a resident of this State to be performed in whole or in part by any party, in this State, or who shall commit a tort in whole or in part in this State against a resident of this State, or who shall do any business or perform any

character of work or service in this State shall, by such act or acts, be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the Secretary of State of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident, upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their, or its agent, servant or employee. The doing of such business, or the engaging in any such work or service in this State, or the making of such contract, or the committing of such tort in this State, shall be deemed to be a signification of such nonresident's agreement that any process against it which is so served upon the Secretary of State shall be of the same legal force and effect as if served on the nonresident at its principal place of business in the state or country where it is incorporated and according to the law of that state or country.

\* \* \* \* \*

suit to recover for the death of his decedent, he is the real party in interest, within the meaning of that term as used in Rule 17(a), Federal Rules of Civil Procedure, 28 U.S.C.A., and that his residence will be looked to in determining the existence of federal diversity jurisdiction in the ordinary case. Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931); Deposit Guaranty Bank & Trust Company v. Burton, 6 Cir. 1967, 380 F.2d 346; Hordge v. Yeates, S.D.Miss., 1957, 157 F.Supp. 411. But see, Bass v. Texas Power & Light Company, 5 Cir., 1970, 432 F.2d 763. It is thus clear that if the administrator alone were asserting this action, his citizenship, and not the parties he represents, would be determinative of diversity jurisdiction. Since the administrator is a citizen of Mississippi and both Carpenter Brothers and Merrill are citizens of states other than Mississippi, there would be no question that diversity is present here.

In this case, however, the beneficiaries under the wrongful death act were joined individually as plaintiffs. If their citizenship must be considered, diversity meets a certain death if we hold that Merrill was erroneously dismissed and faces an uncertain future regardless in view of the fact that one of the beneficiaries might have been a citizen of Texas when the case was removed.

The Mississippi wrongful death statute is written in the disjunctive, providing that *either* the personal representative of the decedent *or* the beneficiaries may bring suit for the death of the decedent.[5] See Southern Pine Electric Power Ass'n v. Denson, 214 Miss. 397, 59 So.2d 75, 76 (1952), where the court said:

* * * under Section 1453, Code of 1942, *either* the administrator of E. J. Stringer, deceased, *or* his wife, Mrs. Stringer, would have been entitled to bring suit if she had survived him, * * * (Emphasis supplied).

In this case, the administrator was appointed for the sole purpose of pursuing a claim for wrongful death against Carpenter Brothers and is in sole control of this litigation. The other beneficiaries have never participated in this litigation in any manner other than to lend their names, as parties plaintiffs, to the complaint. In view of these factors, it is our conclusion that a suit for wrongful death must, under Mississippi law, be *either* brought by the personal representative of the decedent *or* by the statutory beneficiaries and not by the personal representative and the beneficiaries jointly; that Charles H. Bush, the administrator of the decedent's estate, was, under the facts here, the actual plaintiff; and that the residence of the beneficiaries should therefore be disregarded for the purpose of determining diversity jurisdiction.

We next must consider whether the district court erred in dismissing the defendant Merrill for lack of personal jurisdiction under the Mississippi long-arm statute, supra. In the recent case of Dawkins v. White Products Corporation, 5 Cir., 1971, 443 F.2d 589, this court held that where an electric hot water heater, which exploded while being used in the State of Mississippi, was manufactured in Michigan and Ohio and placed in the stream of interstate commerce ultimately to be sold to the plaintiffs by a retailer in Mississippi, "that the Mississippi Supreme Court * * * would permit service on the non-residents under the amended long-arm stat-

---

5. The long-arm statute also states: " * * or all parties interested may join in the suit". It would seem that this passage means that all the beneficiaries may join as plaintiffs in one suit, not that the beneficiaries may join with the administrator, since it is well established that under Mississippi law the administrator is not an interested party in a wrongful death action, Mississippi Power Co. v. Archibald, 189 Miss. 332, 196 So. 760 (1942), even though he is a "real party in interest" within the meaning of Rule 17 of the Federal Rules, supra, for the purposes of determining federal jurisdiction.

ute". (p. 594). We cannot escape the conclusion that the issue of Merrill's dismissal for want of personal jurisdiction is controlled by *Dawkins*. Indeed, the facts of this case are more compelling than the situation presented in the *Dawkins* case. Merrill's allegedly negligent conduct occurred in Mississippi, while in *Dawkins* only the injury took place in Mississippi.

We are therefore constrained to reverse the district court on its dismissal of Merrill. Such action necessitates, in light of our holding that diversity jurisdiction is present, that the cause be remanded so as to either allow the parties to enter into a stipulation dismissing Merrill under Rule 41(a) (1) (ii), Federal Rules of Civil Procedure, thereby preserving the judgment below, or for a new trial in order to give Merrill his day in court as required by minimal due process. See Eager v. Kain, D.C.Tenn., 1957, 158 F.Supp. 222.

▪ The administrator further contends that the following instruction given by the district court was error:

> The Court instructs the jury for the Defendant that a written contract can be modified or changed by the mutual consent of the contracting parties whether such consent manifested orally, or evidenced by a course of conduct.

In doing so, the administrator concedes that the instruction is an accurate statement of Mississippi law, but argues that there is no basis for the instruction in the record. We can find no error in the granting of this instruction for two reasons. First, a major factual issue in the trial was whether Carpenter Brothers complied with the safety requirements of its contract and the challenged instruction directly bears on the determination of what those requirements might be in the light of the apparent acquiescence by government inspectors on the project of the use of rope barricades. Second, the administrator's counsel never distinctly stated "the grounds of his objection to the instruction, as required by Rule 51 of the Federal Rules.[6] See Sinclair Refining Company v. Howell, 5 Cir., 1955, 222 F.2d 637, 641. Nor can we say that the jury's verdict was grossly inadequate as a matter of law in view of the application of comparative negligence under Mississippi law. See Anderson v. Eagle Motor Lines, Inc., 5 Cir., 1970, 423 F.2d 81.

Finally, Carpenter Brothers, in its cross-appeal, contends that the district court erred in denying its motion for judgment notwithstanding the verdict. After careful consideration of the record in this case, we believe that the evidence was of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions. See Boeing Co. v. Shipman, 5 Cir., 1969, 411 F.2d 365.

The judgment of the district court is hereby reversed and the cause remanded for further proceedings in accordance with the directions herein.

Reversed and remanded.

---

6. In objecting to the instruction, counsel said:

Your Honor, we take exception to the instruction which Your Honor granted to the defendant that a written contract can be modified or changed by the mutual consent of the contracting parties whether such consent be manifested orally, in writing, or evidenced by course of conduct.