**W. O. HILTON, and wife, Malvirin Hilton, et al., Appellants,**

v.

**The ATLANTIC REFINING COMPANY, Appellee.**

**No. 20305.**

United States Court of Appeals Fifth Circuit.

Jan. 9, 1964.

Rehearing Denied Feb. 19, 1964.

---

Willis D. Moore, Athens, Tex., Moore & Holland, Athens, Tex., of counsel, for appellants.

Frank L. McClendon, Thomas B. Ramey, Thomas B. Ramey, Jr., Tyler, Tex., Ramey, Brelsford, Hull & Flock, Tyler, Tex., of counsel, for appellee.

Before HUTCHESON and BROWN, Circuit Judges, and SIMPSON, District Judge.

HUTCHESON, Circuit Judge:

This is an appeal from a ruling denying plaintiffs-appellants' motion to remand to the state court. The motion was based on the theory that there are certain indispensable parties, citizens of Texas, who could and, therefore, must be joined as parties defendant and whose joinder would destroy diversity and, therefore, the jurisdiction of the federal court.

Appellants, Texas residents, filed suit in a Texas district court, naming it a suit for removal of a cloud on their title to a certain eighty acres.

While denominated a suit to remove cloud, the claim of plaintiffs' suit was that the oil and gas lease from appellants to appellee was invalid for lack of a sufficient description.

Appellee, a resident of Pennsylvania, removed to the federal court, where appellants moved to remand, and appellee counterclaimed in trespass to try title, asserting ownership of a valid lease on the eighty acres.

Evidence on appellants' motion to remand was heard and denied, the case was decided against plaintiffs on the merits, and plaintiffs have appealed, asserting error in the refusal to remand.

An indispensable party is one whose relationship to the matter in controversy in a suit in equity is such that no effective decree can be entered without affecting his rights. Typical of such equitable suits are suits to cancel or rescind, and the principle has been many times stated and applied.[1]

1. Mallow v. Hinde, 12 Wheat. 193, 6 L. Ed. 599; Shields v. Barrow, 17 How. 129, 15 L.Ed. 158; Sneed v. Phillips Pet. Co., 5 Cir., 76 F.2d 785; Calcote v. Texas Pac. Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413; Hudson v. Newell, 5 Cir., 172 F.2d 848; Hudson v. Newell, 5 Cir., 174 F.2d 546.

Of the opinion that a judgment for the plaintiffs would, because of the particular fact that the land was surrounded by producing leases and the judgment for plaintiffs would not, therefore, practically injuriously affect the interest of the royalty owners, and concluding also that he should and would determine the case against plaintiffs' claim that the description was insufficient, the district judge denied the motion to remand. He then heard the claim and counter claim denying relief to appellants and granted judgment for the appellee.

Here appellee urges that the district judge did not err in holding that the non-participating royalty holders were not indispensable parties and, therefore, in refusing to remand.

 We cannot agree with this view. If, as a result of a decision in plaintiffs' favor, the lease would terminate, the non-participating holders would be denied their present rights to royalties under their lease. Such an effect constitutes them indispensable. Calcote v. Texas Pac. Coal & Oil Co., 5 Cir., 157 F. 2d 216, 167 A.L.R. 413. This is so because, if the lease were removed from the unit for want of sufficient description, the lease would terminate for lack of production, since it is presently held enforced by production within the unit, but off the lease. If appellants won the suit and reentered, the lease would terminate since it would no longer be validly unitized.

Appellee argues that non-participating royalty holders are not indispensable parties to a trespass to try title suit. Ordinarily they are not, but if a judgment effectively precludes them from enforcing their rights and they are injuriously affected by the judgment, they are indispensable. Royal Petroleum Corp. v. Dennis, 160 Tex. 392, 332 S.W. 2d 313. Here a judgment for appellants in the suit, resulting in a termination of the lease, would have effectively prevented any future recovery by the non-participating royalty owners under that lease, and the district judge could not, by determining in advance that he would decide the case adversely to plaintiffs' claim, make dispensable, parties who would otherwise be indispensable. Hudson v. Newell, 5 Cir., 172 F.2d at p. 852; Young v. Powell, 5 Cir., 179 F.2d 147, at 151.

Since the joinder of these indispensable parties would result in a jurisdictional defect, which is cause for remand under 28 U.S.C. § 1447(c), the judgment must be reversed with directions to remand the cause to the state court.

Reversed with directions to remand.