Joe A. **ALLEN**, Plaintiff,

v.

Don O. **BAKER**, Defendant.

No. GC685.

United States District Court,
N. D. Mississippi,
Greenville Division.

May 8, 1968.

Philip Mansour, Greenville, Miss., for plaintiff.

James L. Robertson, Campbell, De-Long, Keady & Robertson, Greenville, Miss., for defendant.

## MEMORANDUM OPINION

CLAYTON, Circuit Judge.*

The plaintiff, Joe A. Allen, a resident of Missouri, brings this action seeking to recover for the alleged wrongful death of his brother, Billy Wayne Allen, a citizen of Mississippi, which is said to have occurred during the course of employment by the defendant. The jurisdictional amount is not here in dispute. Diversity of citizenship, forming the basis for the claim of jurisdiction, is in dispute and has been raised by the defendant's motion to dismiss filed pursuant to Rule 12(b), Federal Rules of Civil Procedure. This motion has been submitted on briefs, evidentiary materials and the pleadings and is presently for disposition.

In this posture, relevant facts which are not in dispute are stated. The decedent, Billy Wayne Allen, had neither wife nor children during his lifetime. He was survived by Mrs. Annie Mae Allen, his

---

* Sitting by special designation as District Judge.

**708**

mother, Mrs. Janice Matthews, his sister, both citizens of Mississippi; Charles Edward Allen, his brother, a citizen of California; and the plaintiff here who, as stated, was decedent's brother and is a citizen of Missouri. No administrator or executor has been appointed to administer the deceased's estate.

It is apparent that the plaintiff is acting solely pursuant to § 1453, Mississippi Code Annotated (1966 Supp.), which is the Mississippi wrongful death statute. This statute in its relevant part provides that an action for damages occurring as the result of a death, found to be wrongful, may be brought by "a brother, *or* all parties interested *may* join in the suit, and *there shall be but one suit for the same death which shall ensue for the benefit of all parties concerned,* * * *. In such action the *party or parties* suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit." (Emphasis added.) The statute further provides that "if the deceased has no husband, nor wife, nor children, the damages [for his wrongful death] shall be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death."

Defendant urges that under this statute and its construction by the Supreme Court of Mississippi, all of the aforementioned survivors of the decedent here are plaintiffs or are "real parties in interest to this suit," in addition to the plaintiff, even though they [said survivors] have not been formally joined. Since the survivors are real parties in interest, it is contended, their citizenship should be considered for jurisdictional purposes, and since two of these survivors, i. e., decedent's mother and sister, are citizens of Mississippi as is the defendant, *complete* diversity does not exist. The requirement of complete diversity of citizenship, in essence, means that all the parties on one side of a controver-

sy must be citizens of different states from all the parties on the other side of the controversy. Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806); Lowry v. International Brotherhood, 259 F.2d 568 (5 Cir. 1958). But, with respect to these assertions, the defendant expressly states that joinder of these survivors is not sought, since it is defendant's contention that said survivors are "already parties in interest in this action along with plaintiff".

At the outset, the question seems to be to what extent the citizenship of a person—not joined as a party—can be considered in such a situation where complete diversity appears on the face of the pleadings? Or to state the question another way, can the appearance of complete diversity be impeached by resort to the citizenship of parties not of record? It seems fundamental that only the citizenship of parties actually admitted to a lawsuit, either originally as plaintiffs or defendants or through intervention or joinder, can be considered for diversity jurisdictional purposes. As Justice Fuller aptly noted:

> The jurisdiction of the Federal courts depends, not on the relative situation of the parties concerned in interest, but on the relative situation of the parties named in the record.

Mexican Central R. Co. v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L.Ed. 245, 247 (1903).

Judge Holmes stated it a slightly different way when he said:

> The rule is well settled that federal jurisdiction depends, not on the diversity of citizenship of the parties concerned in interest, but on the relative situation of the parties named in the record. Much depends upon how the action is brought and upon the legal right of the administrator [the party there bringing the suit] to sue in his own name.

Thames v. State of Mississippi, 117 F.2d 949 (5 Cir. 1941), (dissenting opinion).

■■ Thus, in spite of defendant's disavowals in this regard, the question necessarily is one of joinder, for the citizenship of these survivors only becomes relevant to the jurisdictional question here presented if it is determined that their interest in this action is of such a nature that this court could not proceed to the merits without their presence. If this be the case, then these survivors would be regarded as "indispensable". In determining the nature of these survivors' interest and, consequently, their indispensability vel non, both state and federal law must be consulted. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Where diversity of citizenship affords the jurisdictional basis, "the nature of an interest in litigation depends upon the law of the state concerned". Jett v. Zink, 362 F.2d 723 (5 Cir. 1966). For "in a diversity case, state substantive law will govern in determining the rights and interests of all concerned." *Ibid.* Or as one authority has stated, "state law determines who has the substantive right sought to be enforced". Wright, Federal Courts, p. 257.

■ By the enactment of the Mississippi wrongful death statute, the State of Mississippi has afforded the substantive right to recover for the death of the decedent. The survivors', as well as the plaintiff's, "connection with and interest in the right of action created * * * depend on the construction of the statute, and involve therefore a question of State law on which the Supreme Court of Mississippi speaks with final authority." Thames v. State of Mississippi, supra, at 951. By the clear language of the statute, the plaintiff as decedent's brother is afforded the substantive right to sue for this death. All parties interested "may" join in the suit, and it [the suit] shall be for the benefit of all parties concerned. One suit, and one suit only, is authorized, and by the use of the word "may," it is apparent that it is not mandatory that all interested persons join. In fact, it has been stated that "it matters not which of the family beneficiaries sues, the proceeds belong to those entitled as if they all had been named as plaintiffs." Thames v. State of Mississippi, supra; Kelly v. Howard, 98 Miss. 543, 54 So. 10 (1911). In Mississippi Power and Light Company v. Smith, 169 Miss. 447, 153 So. 376 (1934), the court stated that:

> The statute gives no preference, and we have definitely settled that the *one* who first brings the suit has the right to prosecute and maintain it to a conclusion. At p. 380. (Emphasis added )

Since the plaintiff has instituted the present suit alone, the right of these survivors, or either of them, to bring suit has abated, and their right to join therein is, at best, permissive. This is true, although they are still entitled to a share of any recovery obtained. The defendant urges, however, that these survivors are plaintiffs to this lawsuit which is true to the extent only that they are entitled to share in the fruits of this litigation. But this fact does not, absent formal admission of them as parties hereto, make them plaintiffs of *record.*

■ It follows, therefore, that under state law these survivors are not necessary parties to this action, since the plaintiff is authorized to prosecute this action to its conclusion on behalf of himself and, in a representative capacity, on behalf of the survivors.

■ The principles of state law, which have been discussed, are substantive and, therefore, binding on this court in this action. Thus, consideration must now be given to relevant federal law. Rule 17 (a), Federal Rules of Civil Procedure, requires that every action be prosecuted in the name of the "real party in interest". The defendant asserts that this action is not in fact being maintained by *all* the real parties in interest due to the absence of these survivors. This assertion, however, has no bearing on the diversity of citizenship problem presented, since Rule 17(a) has no effect on state substantive law, nor do its requirements enlarge or contract the jurisdiction of this court. Rock Drilling, etc., Local

Union No. 17 v. Mason and Hanger Company, 217 F.2d 687 (2 Cir. 1954); Horwich v. Price, 25 F.R.D. 500 (D.C.Mich. 1960); 35A C.J.S. Federal Civil Procedure § 53, p. 104. This rule merely deals with the proper entitlement of an action. See Fallat v. Gouran, 220 F.2d 325 (3 Cir. 1955).

■■ The real party in interest, in whose name an action must be prosecuted, is the party who, as a matter of state substantive law, possesses the right sought to be enforced, Gagliano v. Bernsen, 243 F.2d 880 (5 Cir. 1957); 2 Barron & Holtzoff Federal Practice and Procedure (Wright Ed. 1961) § 482, and not necessarily the person who will ultimately benefit from recovery. See, e. g., Mexican Central R. Co. v. Eckman, supra. Consequently, the fact that the survivors will ultimately benefit from any recovery obtained by the plaintiff does not necessarily make them a "real party in interest" within the meaning of Rule 17(a). In Mecom v. Fitzsimmons Dwelling Company, 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931), an administrator who was required to bring suit for wrongful death and who was charged with the responsibility for and the conduct of said suit and the distribution of its proceeds to the persons entitled thereto, was regarded as the real party in interest (and his citizenship rather than that of the beneficiaries was said to determine federal jurisdiction). In Thames v. State of Mississippi, supra, the court noted that under Mississippi law "the right to sue is not necessarily or primarily in the administrator. When there survive members of the deceased's family they or any of them can sue." 117 F.2d at 952. Thus, the court in *Thames* found that where the administrator's relationship to the suit is such that he is not in control of and responsible for it, he was not the substantial party to the controversy or, inferentially, he was not the real party in interest. Hence, the citizenship of the administrator was not determinative of diversity jurisdiction.

■ The present suit, however, is being instituted by one who is in fact in control of and responsible for the maintenance thereof. He is given under state law, as was the administrator in *Mecom,* a right to recover for death by wrongful act, and in so bringing such a suit, he is charged with the conduct of and settlement of such suit and with the distribution of its proceeds to the survivors. The statute permits suit by one of the beneficiaries, and consequently, this action is being maintained by a "real party in interest" and meets the requirements of Rule 17(a).

■ Thus, as the state substantive rights created under the Mississippi wrongful death statute have been recognized and since the procedural question of whether this action is being maintained by the real parties in interest has been resolved, the question now presented is whether, vel non, the survivors here are "indispensable parties". If they are, then their citizenship becomes relevant to the diversity jurisdictional question presented. It has been stated that "in diversity cases the question of indispensable parties is inherent in the issue of federal jurisdiction and that indispensable parties must be joined, sua sponte by the court if need be, even though to do so destroys complete diversity of citizenship of the parties and ousts federal courts of jurisdiction * * *." Jett v. Zink, at p. 726. In resolving the indispensability question, the courts must look to federal law, not to the law of the state. Kuchenig v. California Company, 350 F. 2d 551 (5 Cir. 1965); Jett v. Zink, supra; Thames v. State of Mississippi, supra. An indispensable party has been defined as "one whose relationship to the matter in controversy * * * is such that no effective decree can be entered without affecting his rights." e. g., Hilton v. Atlantic Refining Company, 327 F.2d 217 (5 Cir. 1964); Calcote v. Texas Pacific Coal and Oil Company, 157 F.2d 216 (5 Cir. 1946); Hudson v. Newell, 174 F.2d 546 (5 Cir. 1949). Indispensable parties have also been defined as "persons who not only have an interest in the controversy but an interest of such a nature that a final decree

cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience * * *." e. g., Shields v. Barrow, 17 How. 130, 15 L.Ed. 158 (1854). It has also been stated that "there is no prescribed formula for determining in every case whether a person or corporation is an indispensable party". Niles-Bement-Pond Company v. Iron Moulders Union Local No. 68, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145 (1920). The courts have also instructed, in this regard, that "indispensability of parties is determined on practical considerations." Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 (1955).

■ With these definitions in mind, the survivors here do not possess an interest of such a nature that would preclude the entry of a final decree without their presence as formal parties to this lawsuit. Persuasive to this conclusion, is the fact that any award obtained in this action must, under the statute, contemplate "all the damages of every kind to the decedent and all the damages of every kind *to any and all parties interested in the suit*". (Emphasis added.) Mississippi Code Annotated § 1453 (1966 Supp.). This statute further expressly provides that "if the deceased has no husband, nor wife, nor children (which is the case here) the damages shall be distributed *equally* to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death". *Ibid.* Under the statute, the absent survivors would not be prejudiced as a result of their not being actual parties to this suit. Additionally, in light of the fact that the statute provides "there shall be but one suit for the same death which shall ensue for the benefit of all parties concerned," the defendant here would not be exposed to subsequent lawsuits by the survivors as a result of their absence, assuming disposition on the merits in this suit. Finally, it seems equally clear that an adequate judgment can be rendered for the protec-

tion and benefit of all the parties interested herein without the formal presence of all the survivors in this lawsuit. Accordingly, this court finds that the survivors here are not "indispensable" to the maintenance of this action. Consequently, the fact that citizenship of some of those absent is the same as the citizenship of the defendant does not destroy complete diversity.

An order will be entered to deny and overrule defendant's motion to dismiss.