**FISCHER & PORTER COMPANY**

v.

**James F. HASKETT and Capital Controls Co., Inc.**

**Civ. A. No. 42087.**

United States District Court, E. D. Pennsylvania.

Sept. 22, 1970.

See also D.C., 287 F.Supp. 831.

John M. Calimafde, Sandoe, Hopgood & Calimafde, New York City, and Jay H. Tolson, Malis, Tolson & Malis, Philadelphia, Pa., for plaintiff.

David N. Bressler, Shapiro & Bressler, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the court are motions by both the plaintiff and defendants for severance pursuant to Fed.R.Civ.P. 42(b). In its declaratory judgment action, plaintiff has requested that this court declare defendants' patent invalid or, in the alternative, declare that plaintiff is the rightful owner of the patent. The defendants have filed a counterclaim alleging that plaintiff is infringing the patent, and by an amendment to its answer, defendants also allege certain antitrust violations. The purpose of plaintiff's present motion is to sever the patent issues, i. e., validity, ownership and infringement, from the antitrust issues.

Defendants agree that there should be separate trials in this case, but argue that the severance should be such that the separate trial would be solely on plaintiff's claim of ownership. Defendants contend that it is essential to first determine this issue so that they may then know what position they should take with respect to the issue of validity.

Defendants have most ably and skillfully briefed and argued this point, but nevertheless the court concludes that in the interests of judicial economy, convenience and expedience it would be more efficient to determine the issues of validity, ownership and infringement at one trial.

■■ The issue of ownership would only become relevant if the patent were held valid. The plaintiff has taken the position that it is invalid and the defendants have denied this allegation. Plaintiff has also alleged in the alternative that it is the true owner of the patent, and the defendants have likewise denied this allegation. Once issued, the patent is presumed valid and the rightful owner is presumed to be the one to whom it was issued. At trial plaintiff would bear the burden of establishing both of its allegations. The court perceives no inconsistencies or prejudice in determining these issues at one trial.

Accordingly, the court enters the following.

### ORDER

And Now, this 22nd day of September, 1970, it is hereby ordered that:

1—Plaintiff's motion for severance pursuant to Fed.R.Civ.P. 42(b) is granted.

2—Defendants' motion for severance pursuant to Fed.R.Civ.P. 42(b) is denied.