The **COMMONWEALTH OF PUERTO RICO, Plaintiff,**

v.

**PRICE COMMISSION et al., Defendants.**

**Civ. No. 229–72.**

United States District Court,
D. Puerto Rico.

March 15, 1972.

See also D.C., 342 F.Supp. 1308.

Wallace Gonzalez Oliver, Atty. Gen., Jose Enrique Amadeo, Deputy Atty. Gen., Gilberto Gierbolini, Sol. Gen., San Juan, P. R., for plaintiff.

Julio Morales, U. S. Dist. Atty., San Juan, P. R., for Price Commission.

Ragan & Mason, Washington, D. C., Jimenez & Fuste, San Juan, P. R., for Sea Land Service.

Bird & Bird, San Juan, P. R., Coles & Goertner, Washington, D. C., for Seatrain Lines.

## ORDER

TOLEDO, District Judge.

On March 13, 1972, Seatrain Lines, Inc.[1] filed a motion in the case herein requesting that plaintiff, The Commonwealth of Puerto Rico, be required to post additional security in the form of a bond, to cover the losses of revenue Seatrain Lines, Inc. may suffer as a result of the Temporary Restraining Order issued by this Court on March 7, 1972.[2] In the alternative Seatrain Lines, Inc. requests that it be joined as a party defendant subject to the above mentioned Temporary Restraining Order. The alternative requests of Seatrain Lines, Inc. are predicated on its claim that it has been *de facto* enjoined from charging its increased rates as a result of this Court's Temporary Restraining Order of March 7, 1972.

The Court's Temporary Restraining Order of March 7, 1972, was issued on a request of plaintiff, The Commonwealth of Puerto Rico. In its verified complaint, plaintiff challenges the validity of defendant, Price Commission's Order of February 18, 1972, granting Sea Land Service, Inc. an exception from the general suspension on public utility rate increases. The Commonwealth of Puerto Rico, in its complaint, does not challenge the validity of a separate order of the Price Commission granting Seatrain Lines, Inc. a similar exception.

At the hearing on the motion, held on March 14, 1972, all parties appeared represented by counsel and were heard on the matter. The United States Attorney, in representation of the United States Government and the Price Commission, assumed no position as to the motion under consideration.

After duly considering the arguments and memoranda filed by the parties concerned, this Court hereby makes the following findings:

■■ The requirement of security is intended to protect the party restrained or enjoined, as the case may be, against such costs and damages as may be incurred or suffered by the party as a result of being wrongfully restrained or enjoined. United States v. Onan (8 Cir. 1951), 190 F.2d 1, 7, cert. den., 342 U.S. 869, 72 S.Ct. 112, 96 L.Ed. 654 (1951); Powelton Home Owners Ass'n. v. Department of Housing & Urban Development (D.Pa.1968), 284 F.Supp. 809. Therefore, it is necessary that the party seeking a protective bond be a party restrained or enjoined by the Court. Thus, someone not a party to the case or restrained or enjoined by order of the Court is without standing to demand security for possible damages incurred as a result of such restrainment or enjoinment. 7 Moore's Federal Practice Section 65.09, Page 1656, 2d Edition.

■ In the case herein, Seatrain Lines, Inc. has not been restrained in any way by the Temporary Restraining Order issued by this Court on March 7, 1972, against defendants Price Commission, The United States of America and Sea Land Service, Inc.[3] It is crystal

---

1. On March 7, 1972, this Court granted Seatrain Lines, Inc. motion for leave to intervene in the action herein.

2. The Temporary Restraining Order issued by this Court on March 7, 1972, among other things restrained and enjoined co-defendant, Sea Land Service, Inc., from giving further effect to, or taking any action pursuant to Supplement No. 9 to Sea Land Service, Inc.'s Tariff FMC-

F 21 and Supplement No. 9 to Sea Land Service, Inc.'s Tariff FMC-F 18.

3. The Commonwealth of Puerto Rico in its complaint does not seek a preliminary and a permanent injunction against the implementation of the Price Commission's separate Order granting Seatrain Lines, Inc. its requested exception. Likewise, this Court's ultimate determination and judgment will, in no way, affect the validity

clear to this Court that a party against which a temporary restraining order does not run, has no standing to demand security. Powelton Civic Home Owners Ass'n. v. Department of Housing & Urban Development, supra.

In relation to Seatrain Lines, Inc.'s alternative request that it be joined as a party defendant[4] subject to the Temporary Restraining Order issued by this Court on March 7, 1972, it is the opinion of the Court, that said request is improvident. A joinder under Rule 19 of the Federal Rules of Civil Procedure, Title 28, United States Code, is required only for parties found to be "necessary and indispensable" to the litigation. The governing principle as to who are necessary and indispensable parties was established by the Supreme Court of the United States as early as in the middle of the 19th Century, when it decided the case of Shields, et al. v. Barrow, 58 U.S. 130, 17 How. 130, 15 L.Ed. 158 (1854). In said case, Justice Curtis speaking for the Court, stated 58 U.S. 130, 17 How. at page 139, 15 L.Ed. 158 the following in relation to "necessary and indispensable parties":

"* * * 2. Persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it * * * are commonly termed necessary parties; but if their interests are separable from those of the parties before the court so that the court can proceed to a decree, and do complete and final justice without affecting other persons, not before the court, the latter are not indispensable parties. 3. Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." [are indispensable parties].

Such principles are applicable nowadays and have been stated by the federal courts in numerous cases, cf. Provident Tradesmen's Bank & Trust Co., Administrator v. Patterson, et al., 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936, (1968); United States v. Aetna Casualty Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949); Fifty Associates v. Prudential Insurance Co. of America (9 Cir. 1970), 446 F.2d 1187; Haas v. Jefferson National Bank of Miami Beach (5 Cir. 1971), 442 F.2d 394; Bennie v. Pastor (10 Cir.1968), 393 F.2d 1; Allen v. Baker (D.Miss.1968), 327 F.Supp. 706; Banks v. Seaboard Coast Line Railroad Co. (E.D.Pa.1970), 51 F.R.D. 305. See also 3 A Moore's Federal Practice, Section 19.07, Page 2219 et seq., 2d Ed.

■ As this Court has already stated, it can issue an injunction and enter a judgment in the case herein, as to the validity of Sea Land Service, Inc.'s exception, without in any way passing upon the legality of the separate order of the Price Commission granting Seatrain Lines, Inc. a similar exception. Accordingly, Seatrain Lines, Inc. is not a proper party to be joined as a defendant in this action under Rule 19 of the

___

of the above stated action of the Price Commission.

4. This alternative request is predicated on Seatrain's contention that it is a necessary party in this proceeding and should be, therefore, joined as a defendant under Rule 19(a) (2) of the Federal Rules of Civil Procedure, Title 28, United States Code. Said Rule, in its pertinent part reads as follows:

"A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if * * * (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest * * * *"

**1314**

Federal Rules of Civil Procedure, Title 28, United States Code.

In view of the foregoing, the Court hereby denies Seatrain Lines, Inc.'s motion requesting that plaintiff, Commonwealth of Puerto Rico, be required to post additional security to cover losses of revenue the petitioner may suffer as a result of the issuance of our Temporary Restraining Order of March 7, 1972; and

The Court further denies Seatrain Lines, Inc.'s petition that, in the alternative, it be joined as a party defendant.

It is so ordered.