Robert G. HARRIS, Administrator of the
Estate of George Jackson, Plaintiff,

v.

Jimmy Dale JOHNSON, Defendant.

No. EC 72-55-S.

United States District Court,
N. D. Mississippi, E. D.

July 21, 1972.

John L. Long, Tupelo, Miss., for plaintiff.

Guy Mitchell, Jr., Fred M. Bush, Jr., Mitchell, McNutt & Bush, Tupelo, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on defendant's motion to dismiss and has been submitted on briefs without oral argument.

Plaintiff is the administrator of the estate of George Jackson, deceased, and he brings this action seeking damages for the alleged wrongful death of said decedent.

Plaintiff alleges in the complaint that the death of the said George Jackson was proximately caused by the negligent operation by the defendant of a motor vehicle on a public highway in Lee County, Mississippi on November 29, 1971.

Although the complaint does not mention the Mississippi Wrongful Death statute [1], it is clear from the averments set forth therein that it is drawn to state a cause of action under the statute.

Section 1453, the Wrongful Death Statute, is not one of survival but creates a new and independent cause of action. Hasson Grocery Co. v. Cook, 196 Miss. 452, 17 So.2d 791 (1944). The statute in its relevant part provides:

". . . The action for such damages may be brought in the name of the personal representative of the deceased person, for the benefit of all

1. Miss.Code Ann. § 1453 (1971—Cum.Supp.).

persons entitled under the law to recover or by widow, for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits.

.  .  .

.  .  .  .  .  .

.  .  .  If the deceased have neither husband, or wife, or children, or father, or mother, or sister, or brother, then the damages shall go to the legal representative, subject to debts and general distribution, and the fact that the deceased was instantly killed shall not affect the right of the legal representative to recov•:.  .  .  ."

The complaint is silent with regard to beneficiaries who may be entitled to the recovery, if any, in the action. The suit is brought by the administrator alone pursuant to the express terms of the statute.

Defendant contends that the complaint fails to state a claim upon which relief can be granted because it is silent as to the statutory beneficiaries who will be entitled to receive the recovery, if a recovery is made in the action. Defendant also contends that the court is without diversity jurisdiction because the citizenship of the plaintiff, a citizen of the State of Tennessee, is not the deciding factor on the question of diversity. In support of the latter contention defendant, who is a citizen of the State of Mississippi, urges upon the court that plaintiff is only a stakeholder or a nominal party and it is not the citizenship of plaintiff but that of the statutory beneficiaries, which determines whether diversity exists in the suit.

For the reasons hereinafter stated, the court is of the opinion that the motion is not well taken and.must be overruled.

■ This court has held on numerous occasions that the citizenship of the personal representative of the decedent is determinative of the diversity issue. The leading case in this district is Allen v. Baker, 327 F.Supp. 706 (N.D.Miss. 1968). In this case the late Judge Claude F. Clayton, Circuit Judge, sitting by special designation as District Judge, in an able opinion, held that when the personal representative of a decedent person brings an action under the Mississippi Wrongful Death statute he is the real party in interest though not necessarily the person who will ultimately benefit from the recovery. Judge Clayton said:

"  .  .  .  [t]he fact that citizenship of some of those absent [statutory beneficiaries] is the same as the citizenship of the defendant does not destroy complete diversity." *Id.*, at 711.

Judge Clayton cites and distinguishes Thames v. State of Mississippi, 117 F.2d 949 (5th Cir. 1941); a case upon which defendant places great reliance.

The United States Court of Appeals for the Fifth Circuit has followed Allen v. Baker, *supra*, in at least two cases: State of Mississippi v. Durham, 444 F. 2d 152, n. 2 (1971); and Bush v. Carpenter Brothers, Inc., 447 F.2d 707 (1971). In *Bush* the court distinctly held that the citizenship of the personal representative controls although the other beneficiaries might also appear in the action as parties plaintiff, and that, for diversity purposes, the citizenship of the other beneficiaries was immaterial.

■ The court holds that the citizenship of plaintiff in the action sub judice is determinative on the issue of diversity and the court has jurisdiction of the action by virtue of 28 U.S.C.A. § 1332(a).

**518**

■ The motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted, Rule 12(b) (6) F.R.Civ.P., must be considered in light of the rule enunciated in Conley v. Gibson, 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), "[t]hat a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief".

The failure to set forth in the complaint the names of the statutory beneficiaries and their relationship to the decedent does not justify the court in dismissing the complaint for failure to state a cause of action. Defendant can very readily obtain this information by discovery as the rules provide.

The court will enter an order overruling the motion.