**M. Aubrey MUNFORD, as Guardian of the Person and Property of Lara Llewellyn Munford**

v.

**Mrs. Kathrina H. MacLELLAN, Trustee under the Last Will and Testament of Anne MacLellan Munford.**

No. 1:87–CV–2191–CAM.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 1, 1988.

Moreton M. Rolleston, Jr., Atlanta, Ga., for plaintiff.

Joseph C. Miller, C.B. Rogers, Richard Sinkfield, Rogers & Hardin, Atlanta, Ga., for defendant.

## ORDER

MOYE, Senior District Judge.

The above-styled action is before this Court on several motions. For the reasons stated below, the Court REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the Superior Court of Fulton County, Georgia.

The law in this circuit is clear that the consideration of post-removal developments is required in determining whether to remand a case under 28 U.S.C. § 1447(c). *See IMFC Professional v. Latin Amer. Home Health,* 676 F.2d 152, 157 (5th Cir. 1982); *In re Merrimack Mutual Fire Ins. Co.,* 587 F.2d 642, 645–46 (5th Cir.1978); *Jett v. Zink,* 362 F.2d 723, 726 (5th Cir.), *cert. denied,* 385 U.S. 987, 87 S.Ct. 600, 17 L.Ed.2d 448 (1966). The post-removal addition of a party whose presence destroys complete diversity can, under certain circumstances, *require* remand. *Jett,* 362 F.2d at 726. Where the new party is an indispensable party, *remand is required. See e.g. In re Merrimack, supra; Jett, supra; Hilton v. Atlantic Refining Co.,* 327 F.2d 217 (5th Cir.1966).

Plaintiff added Trust Company Bank ("Trust Company") as a defendant pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. The addition of a party through an amendment prior to responsive pleadings is a matter of right in this circuit. *See McLellan v. Mississippi Power & Light Company,* 526 F.2d 870 (5th Cir.), *modified on other grounds,* 545 F.2d 919 (5th Cir.1976). Trust Company's presence in this action, as reflected on the face of the amended complaint, *destroys* complete

diversity, and consequently, this Court's subject matter jurisdiction. This Court can restore its jurisdiction by dropping Trust Company pursuant to Rule 21 of the Federal Rules of Civil Procedure. *See e.g., Ralli–Coney, Inc. v. Gates,* 528 F.2d 572 (5th Cir.1976). The decision to drop a party under Rule 21 lies within the Court's discretion; however, if Trust Company is an indispensable party, it undoubtedly would be an abuse of the Court's discretion to drop Trust Company under Rule 21. If Trust Company is an indispensable party, remand would seem to be required. *See In re Merrimack, supra; Jett, supra; Hilton v. Atlantic Refining Co.,* 327 F.2d 217, 219 (5th Cir.1964).

Assuming that Trust Company is not an indispensable party, the Court in its discretion declines, for the reasons stated below, to drop Trust Company pursuant to Rule 21.[1]

The effect of the Court exercising its discretion by dropping Trust Company pursuant to Rule 21 would be a retroactive cure of the jurisdictional defect created by Trust Company being named as a defendant in the complaint. Given that plaintiff has sought to amend the complaint to assert claims which because of the probate exception to diversity jurisdiction can not be heard by this Court, dropping Trust Company and retaining this action will necessitate resolution of those proposed claims in a state forum. A multiplicity of law suits will be required before all of plaintiff's claims can be resolved. This would be a waste of scarce judicial resources.

In addition, this action presents a state law challenge to the administration of a testimentary trust created under state law. The Court is of the opinion that this area of law, like domestic relations and certain probate related matters, is more properly resolved in a state forum.

In sum, the Court believes that dropping Trust Company and retaining this action would result in: (1) a waste of scarce judicial resources, and (2) the resolution of a state law question which, although cognizable here, is more appropriately resolved in a state forum. Accordingly, this action is REMANDED to the Superior Court of Fulton County, Georgia.

---

1. The Court notes that it is unaware of any direct authority which holds that the decision not to drop Trust Company in order to prevent a remand would be an abuse of discretion. The issue appears to be open. *See IMFC Professional v. Latin Amer. Home Health,* 676 F.2d 152, 159 n. 14 (5th Cir.1982).